NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0552/4491
     Facsimile:  (213) 894-2979
     E-mail:     reema.el-amamy@usdoj.gov
                 david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATE OF AMERICA,

          Plaintiff,

               v.

MARK STEVEN DOMINGO,

          Defendant.

No. CR 19-313-SVW

**GOVERNMENT'S NOTICE OF INTENT TO INVOKE THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA")**

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby informs the Court and defendant Mark Steven Domingo ("defendant"), by and through his counsel of record, of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to issues relating to classified information that may arise before trial.  The government provides such notice pursuant to 18 U.S.C. App. III, § 2.

**INTRODUCTION**

The government anticipates that it will need to bring to the Court's attention limited discovery issues relating to certain classified material and to do so, it will need to proceed under CIPA. The government expects that these CIPA proceedings will be limited and will not require defendants' counsel to have security clearances. In anticipation of such proceedings, the government is filing this notice to inform the Court and the defense of its intent to invoke CIPA in this case.

**CIPA PROCEDURAL FRAMEWORK**

CIPA mandates several protocols for protecting all forms of classified information. Essentially, CIPA is "a procedural tool for a court to address the relevance of classified information before it may be introduced." United States v. Marzook, 412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006) (citing United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005)); see also United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-trial procedure for ruling upon the admissibility of classified information."). CIPA's fundamental purpose is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002).

**A.   Pretrial Conference**

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III, § 2.  After such a motion is filed, § 2 mandates that the

district court "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." Id. The government is not moving for such a pretrial conference at this time but may do so in the future.

**B.   Protective Orders for Classified Information**

Section 3 of CIPA requires the court, upon the request of the government, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ." At this time, the government does not anticipate disclosing classified information to defense counsel.

**C.   Discovery of Classified Information by Defendants**

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. 3 at § 4; see, e.g., United States v. Sedaghaty, 728 F.3d 885, 904 (9th Cir. 2013); United States v. Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998). Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security. See S. Rep. No. 96-

823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1984).

Section 4 provides, in pertinent part, that a district court:

upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 at § 4.  In essence, Section 4 allows the government to request that the court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable.[1]  See United States v. Libby, 429 F. Supp. 2d 18, 21-22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); see also United States v. Klimavicis-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998); Rezaq, 134 F.3d at 1142; United States v. Yunis, 867 F.2d 617, 619-625 (D.C. Cir. 1989); Pringle, 751 F.2d at 427-28.

**D.   Procedures for Classified Information Possessed by a Defendant**

In the event that a defendant reasonably expects to disclose or cause the disclosure of classified information, §§ 5 and 6 of CIPA

---

[1] In determining whether classified information provided to a court under CIPA is relevant and potentially discoverable, it is appropriate for a court to meet with government counsel ex parte to consider the matter.  See United States v. Mejia, 448 F.3d 436, 457 (D.C. Cir. 2006); Libby, 429 F. Supp. 2d at 24-25.

apply.  See, e.g., United States v. Renzi, 769 F.3d 731, 750-51 (9th Cir. 2014); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994); United States v. Collins, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).  Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose.  See 18 U.S.C. App. III, § 5(a).  Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial."  Id.  Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense.  See Collins, 720 F.2d at 1199.  The defendant must provide formal notice under § 5 even if the government believes or knows that the defendant may assert a defense involving classified information.  See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to § 6, and any appeal by the government under § 7 has been decided or the time for filing an appeal has expired.  18 U.S.C. App. III, § 5(a).  If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information.  Id. at § 5(b).  Section 6 describes the procedures by which the court shall, upon request by the United States, conduct a hearing to make determinations of use,

relevance, or admissibility of classified information.  18 U.S.C. App. III, § 6.  Section 7 sets forth the United States's exclusive right to seek an interlocutory appeal of a "decision or order authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  18 U.S.C. App. III, § 7(a).

**E.    Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial**

Section 8(c) of CIPA provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304.  Specifically, under § 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.  18 U.S.C. App. III, § 8(c). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information."  Id.  In effect, this procedure supplements the notice provision under § 5 and the hearing provision in § 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information.  S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

## CONCLUSION

The government hereby provides notice to the Court and counsel of CIPA's applicability to this matter and an outline of CIPA's procedural framework.  Although the government is not moving for a § 2 pretrial conference at this time, it may do so in the future, and stands ready to answer any additional questions the Court may have.

Dated: July 1, 2019              Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA