AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California  90012
Telephone:  (213) 894-2854
Facsimile:  (213) 894.0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>MARK DOMINGO,<br><br>       Defendant. | Case No. CR 19-313-SVW<br><br>**NOTICE OF MOTION AND MOTION THAT ALL POTENTIAL GOVERNMENT WITNESSES UNDER SUBPOENA BE DEEMED TO BE UNDER DEFENSE SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>[Proposed] Hearing Date: July 13, 2020<br>[Proposed] Hearing Time: 11:00 am |

PLEASE TAKE NOTICE THAT defendant, MARK DOMINGO, by and through counsel of record, Deputy Federal Public Defenders David I. Wasserman and Angela C. C. Viramontes, moves this Honorable Court to order that all potential government witnesses under subpoena be deemed to be under defense subpoena as well.

1    This motion is based on the attached memorandum of points and authorities, any

2    declarations of counsel and any exhibits attached hereto, all files and records in this

3    case, and such further information as may be provided to the court with respect to this

4    motion.

5                                        Respectfully submitted,

6                                        AMY M. KARLIN
                                         Interim Federal Public Defender
7

8

9    DATED: June 1, 2020          By  */s/ Angela C. C. Viramontes*

10                                       ANGELA C. C. VIRAMONTES
                                         DAVID I. WASSERMAN
11                                       Deputy Federal Public Defenders
                                         Attorneys for MARK DOMINGO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND STATEMENT OF FACTS

The government has estimated that its case-in-chief in the above matter will take two weeks. This will be a lengthy trial.

The government has yet to provide the defense with a witness list. In the interest of efficiency and public health, the defense requests that the Court order that all potential government witness under subpoena be deemed under defense subpoena as well.

## II.  LEGAL ARGUMENT

**A.    The Court should order that the potential government witness under subpoena be deemed to be under defense subpoena as well.**

Government witnesses noticed for trial occasionally are released by the government without informing the defense, and thereafter become unavailable. In order for Mr. Domingo to retain access to these witnesses, he requests the Court order that any released government witnesses be considered under defense subpoena.

Indigent defendants such as Mr. Domingo are provided the opportunity to have the government subpoena witnesses on their behalf by the Sixth Amendment and by Fed. R. Crim. P. 17. In pertinent part, that Rule provides:

> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense.  If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Fed. R. Crim. P. 17(b). *United States v. Barker*, 553 F.2d 1013, 1019 (6th Cir. 1997). In addition, this Court has the inherent power to subpoena witnesses on behalf of indigents. *See Lloyd v McKendree*, 749 F.2d 705, 706-07 (11th Cir. 1985); *Link v. Wabash*, 370 U.S. 626, 630 (1962) ("The inherent powers of the federal courts are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

1    There is an additional cost to the defense -- and therefore the public since Mr.

2  Domingo is represented by the Federal Public Defender-- in having many subpoenas

3  served on government witness already under subpoena. Valuable investigator time must

4  be expended to search for and then physically serve subpoenas on witnesses; and

5  attorney time is often required to draft the subpoenas. Moreover, during the COVID-19

6  pandemic, it creates an unnecessary public health risk to have an investigator go out

7  into the public to serve many witnesses at many different locations with subpoenas

8  when the government has already subpoenaed the witnesses.

9    Thus, to safeguard against the loss of vital witness testimony and to ensure that

10  this indigent defendant receives the benefit of the rights guaranteed by the Fifth and

11  Sixth Amendments, Mr. Domingo requests that the Court exercise its inherent power to

12  order that government witnesses be considered under defense subpoena for the duration

13  of the trial.

## III.  CONCLUSION

15    Based on the arguments and authorities cited above, the defense respectfully

16  requests that the Court order that government witnesses placed under subpoena are

17  deemed to be under defense subpoena as well.

18

19                                        Respectfully submitted,

20                                        AMY M. KARLIN
                                          Interim Federal Public Defender

21

22  DATED:  June 1, 2020                  By  */s/ Angela C. C. Viramontes*
                                          _____
23                                        ANGELA C. C. VIRAMONTES
                                          DAVID I. WASSERMAN
24                                        Deputy Federal Public Defenders
                                          Attorneys for MARK DOMINGO
25

26

27

28

4