AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK DOMINGO,<br><br>　　　　Defendant. | Case No. ED CR 19-313-SVW<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE GOVERNMENT WITNESSES FROM THE COURTROOM AND TO REQUIRE THE CASE AGENT TO TESTIFY FIRST; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>[Proposed] Hearing Date: July 13, 2020<br>[Proposed] Hearing Time: 11:00 am |

　　　　PLEASE TAKE NOTICE THAT defendant, Mark Domingo, by and through his counsel of record, Deputy Federal Public Defenders David I. Wasserman and Angela C. C. Viramontes, moves this Honorable Court to order that all potential government witnesses be excluded and that the case agent be required to testify first as set forth herein.

　　　　This motion is based on the attached memorandum of points and authorities, any declarations of counsel and any exhibits attached hereto, all files and records in this

case, and such further information as may be provided to the Court with respect to this application.

                              Respectfully submitted,

                              AMY M. KARLIN
                              Interim Federal Public Defender

DATED: June 1, 2020        By  /s/ *Angela C. C. Viramontes*
                              ANGELA C. C. VIRAMONTES
                              DAVID I. WASSERMAN
                              Deputy Federal Public Defenders
                              Attorneys for MARK DOMINGO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

The government has estimated that its case-in-chief will take two weeks. This is a lengthy trial. The defense requests that the Court exclude government witnesses from the courtroom and require the case agent to testify first.

## II. LEGAL ARGUMENT

### A. The Court should exclude government witnesses and require the case agent to testify first.

Mr. Domingo is entitled to exclusion of government witnesses as a matter of law.

Fed. R. Evid. 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Rule 615 is intended to ensure a fair trial by preventing collusion of witnesses and fabrication of testimony, and by helping reveal instances where such fabrication or collusion actually occurs. *See Geders v. United States*, 425 U.S. 80, 87 (1976) (observing that the rule "exercises a restraint of witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid"); *see also Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967) (stating that exclusion is designed to "prevent the shaping of testimony by hearing what other witnesses say").

Rule 615 makes the exclusion of witnesses mandatory upon request, and the Ninth Circuit has referred to witness exclusion as a "right." *See United States v. Ell*, 718 F.2d 291, 292 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was." (citing Fed. R. Evid. 615 Advisory Committee's note)); *United States v. Brewer*, 947 F.2d 404, 407-11 (9th Cir. 1991) ("The use of the word 'shall' makes it clear that a district court must comply with a request for exclusion.").

Witnesses should be excluded during motion hearings, opening statements and closing arguments, as well as during witness testimony. Rule 615 requires that non-exempt witnesses be excluded from the courtroom during all witness testimony; that is,

that they should remain excluded even after testifying. Fed. R. Evid. 615; *see also Ell*, 718 F.2d at 293 (holding that trial court erred by not excluding prosecution witness who had already testified, and noting that the dangers against which Rule 615 is designed to protect are present when witnesses are only partially excluded since "a rebuttal witness who has already testified . . . may wish to tailor rebuttal testimony [and]. . . cover up inconsistencies in earlier testimony").

There is also substantial authority stating that either under Rule 615, or through an exercise of a court's inherent powers, it is proper to extend the period of exclusion in order to promote a fair trial. *See United States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (holding that in addition to the power to exclude under Rule 615 a district court retains inherent power to, "make whatever provisions it deems necessary to manage trials, . . . including the sequestration of witnesses before, during and after their testimony" (citing *Geders*, 425 U.S. at 87)); *see also* 4 Weinstein's Federal Evidence § 615.02[2][a] (Matthew Bender 2d ed. 2000) ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized.").

Because the truthfulness of witness testimony and the ability to detect fabricated testimony is best achieved through a comprehensive exclusion order, the Court should extend the scope of its order to cover opening and closing arguments, as well as hearings for pretrial motions.

**B.     Only witnesses specifically exempted under Rule 615 should be permitted to remain in the courtroom.**

Pursuant to Rule 615, only four categories of witnesses are not subject to the full scope of a court's exclusion order. Each government witness must be excluded unless the government demonstrates that the witness falls within one of the designated exceptions. *See United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995) (noting that Rule 615 carries a strong presumption in favor of exclusion and that the party opposing exclusion "has the burden of demonstrating why the pertinent Rule 615 exception

4

applies"). The Court should order that only witnesses specifically exempted under Rule 615 should be permitted to remain in the courtroom.

No more than one "case agent" should be designated as the government's representative under Rule 615(b). Although a federal agent, or a local law enforcement officer working with federal agents, qualifies for exemption from an exclusion order under Rule 615(b), the plain language of the statute as well as the notes of the Advisory Committee indicate that only one agent can be exempted under this provision: "[a]s the equivalent of the right of a natural-person party, a party which is not a natural person is entitled to have a representative present." *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991) ("'A' representative, like 'a' natural person, . . . and 'an' officer or employee, is singular . . . we can discern no reason to convert the singular into the plural.")

**C.    Any "Case Agent" exempt from the court's order of exclusion should testify before non-exempt government witnesses, or not at all.**

When a government witness is exempt from a court order of exclusion under Rule 615, that witness should testify before all other non-exempt government witnesses, or not at all. This approach necessarily dovetails with Fed. R. Evid. 611(a), which provides in that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to make the interrogation and presentation effective for the ascertainment of the truth." The Ninth Circuit has determined that such a practice, while not mandatory, is preferable: "we observe that it may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." *United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012) (footnote omitted). The Court should exercise its discretion to follow this preferred practice.

Requiring exempted witnesses to testify first also helps achieve the goals of Rule 615, while simultaneously respecting the dictates of that rule's enumerated exemptions.

5

*See United States v. Mitchell*, 733 F.2d 327, 329 (4th Cir. 1984) ("[B]etter practice suggests that if the [exempt] agent is to testify, he should testify as the Government's first witness, unless . . . there [are] good reasons otherwise."); *In re United States*, 584 F.2d 666, 667 (5th Cir. 1978) (holding that agent designated under Rule 615(2) as a government's representative could not be excluded; however, it was proper to order the agent to testify at an early stage of trial); *see also* 2 Federal Rules of Evidence Manual, 1166 (Stephen Salzburg, Michael M. Martin, Daniel J. Capra eds. 1998) ("Where a witness falls into one of the exceptions to Rule 615, it does not mean that the policy that drives the Rule is inapplicable. . . . [T]he trial court could use its authority under Rule 611(a) to require the non-sequestered witness to testify early, if not first, in the case."). The government has not informed the defense who its case agent will be, however, the Court should require that case agent to testify before those witnesses who must be excluded from the courtroom under Rule 615, or not at all.

**D. Witnesses should be directed not to read trial transcripts or discuss the case or their testimony with anyone other than counsel.**

Rule 615 does not provide clear guidance as to what instructions should be given to excluded witnesses. Numerous courts, however, have acknowledged that in order to achieve the purposes of Rule 615, the district court must direct excluded witnesses not to discuss the case or their testimony with anyone other than counsel. The Tenth Circuit has gone so far as to say that failure to instruct the witnesses about the scope and importance of an exclusion order may warrant reversal on appeal. *See United States v. Buchanan*, 787 F.2d 477, 484-485 (10th Cir. 1986) ("The witnesses should be clearly directed, when the Rule is invoked, that they must all leave the courtroom (with the exceptions the Rule permits), and that they are not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side."); *see also Perry v. Leeke*, 488 U.S. 272, 279 (1989) ("It is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed.").

6

Following the same rationale, several circuits have held that reading of trial transcripts also violates the purpose of Rule 615. *See Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) ("The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced . . ., because the [witness] need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony."); *see also United States v. Rhynes*, 206 F.3d 349, 370 (4th Cir. 1999) (holding that a sequestration order may cover more than courtroom exclusion, even if the order mentions only exclusion; stating that trial judges should be, "alert to the myriad ways in which individuals may attempt to circumvent sequestration orders").

Finally, witnesses who fall under one of the Rule 615 exceptions should also be directed not to speak with anyone about the case (other than counsel). *See United States v. Butera*, 677 F.2d 1376, 1380-81 (11th Cir. 1982) (holding that an undercover agent designated as a government's representative, and therefore exempt under Rule 615(b), was nevertheless properly directed not to discuss the case with other witnesses).

### III. CONCLUSION

Based on the arguments and authorities cited above, the defense respectfully requests that the Court order that:

1. Government witnesses shall be excluded and the case agent shall testify first;

2. Only government witnesses specifically exempted under Rule 615 should be permitted to remain in the courtroom;

3. Any "Case Agent" exempt from the court's order of exclusion should testify before non-exempt government witnesses or not at all; and

/ / /

/ / /

/ / /

/ / /

7

4. Witnesses should be directed not to read trial transcripts or discuss the case or their testimony with anyone other than counsel.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED: June 1, 2020      By /s/ Angela C. C. Viramontes
ANGELA C. C. C VIRAMONTES
DAVID I. WASSERMAN
Deputy Federal Public Defenders
Attorneys for MARK DOMINGO