AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. CR 19-313-SVW |
|---|---|
| Plaintiff, | **MARK DOMINGO'S NOTICE OF MOTION AND MOTION TO EXCLUDE EVIDENCE OF OTHER TERRORIST ATTACKS; MEMORANDUM OF POINTS AND AUTHORITIES, [PROPOSED] ORDER** |
| v. | |
| MARK DOMINGO, | |
| Defendant. | [Proposed] Hearing Date: July 13, 2020 [Proposed] Hearing Time: 11:00 am |

PLEASE TAKE NOTICE THAT the defendant, Mark Domingo, by and through his counsel of record, Deputy Federal Public Defenders David I. Wasserman and Angela C. C. Viramontes, moves this Honorable Court for an order excluding evidence of other terrorist attacks.

This motion is based on the attached memorandum of points and authorities, any declarations of counsel and any exhibits attached hereto, all files and records in this

1  case, and such further information as may be provided to the Court with respect to this

2  motion.

3                                        Respectfully submitted,

4                                        AMY M. KARLIN
                                         Interim Federal Public Defender
5

6

7  DATED: June 1, 2020              By   /s/ Angela C. C. Viramontes

8                                        ANGELA C. C. VIRAMONTES
                                         DAVID I. WASSERMAN
9                                        Deputy Federal Public Defenders
                                         Attorneys for MARK DOMINGO
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Mr. Domingo is charged with providing material support for terrorists by way of the attempted use of a weapon of mass destruction (i.e., a destructive device) at a white supremacist rally in Long Beach in April 2019. *See* Indictment. To the extent the government seeks to introduce evidence (including non-expert testimony, videos, documents, and social media posts) regarding other terrorist attacks (e.g., 9/11, Boston Marathon Bombing, Chelsea Bombing, Ft. Hood Shooting, San Bernardino Shooting, March 2019 shooting in the Netherlands by Gökmen Tanis), the evidence should be excluded under Federal Rule of Evidence 401 because they bear no relationship to the offense. Indeed, violent and offensive videos, documents, and social media posts, as well as testimony, regarding these attacks are devoid of any probative value and would be substantially outweighed by the danger of unfair prejudice. Furthermore, the introduction of such videos would undoubtedly waste time and mislead the jury to believe that general acts of violence and terrorism are at issue, confusing the issues that are relevant to whether Mr. Domingo is guilty of the crimes he is charged with beyond a reasonable doubt. As such, the evidence is prohibited by Rule 403.

### II.  ARGUMENT

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. When an opponent challenges the relevance of certain evidence, the party proffering the evidence must establish its relevance in an action. The proponent must show that evidence has some tendency to prove or disprove a fact that is consequential in a case.

Rule 403 authorizes the exclusion of relevant evidence when "its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As to a criminal defendant, "unfair prejudice" refers to

"the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on an improper basis rather than on proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). In other words, unfairly prejudicial evidence is that having "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (citation and internal quotation marks omitted). The probative value of evidence against a defendant is low where the evidence does not go to an element of the charge. *See*, *United States v. Ellis*, 147 F.3d 1131, 1135 (9th Cir.1998); *United States v. Arambula–Ruiz*, 987 F.2d 599, 604–05 (9th Cir.1993).

Similar to the issue here, courts have excluded terrorist propaganda material when it does not bear a direct relationship to the allegations at issue in a trial. *United States v. Al–Moayad*, 545 F.3d 139, 160-163 (2d Cir. 2008); *U.S. v. Pugh*, 162 F.Supp.3d 97, 116-17 (E.D.N.Y. 2016) (court excluded an ISIL video depicting its goal of killing President Obama but allowed an ISIL video depicting the history of ISIL and another depicting ISIL fighting abroad where the defendant was charged with providing material support by attempting to join ISIL). In *Al–Moayad*, the defendants were convicted of providing material support to terrorist organizations. *Id.* at 145. On appeal, they argued to the Second Circuit that the testimony of one witness, who gave a first-hand account of a suicide bombing of a bus in Tel-Aviv, and the testimony of another witness, who testified about an al-Qa'ida training camp, Osama Bin Laden's visit to the camp, and a video showing al-Qa'ida training, were unduly prejudicial. *Id.* at 152–57. The Second Circuit agreed that the testimony should have been excluded because the "highly charged and emotional nature of the testimony." *Id.* at 160. Moreover, the bus bombing testimony "was almost entirely unrelated to the elements of the charges" because "[t]he defendants were not charged with planning or carrying out the Tel Aviv bus bombing." *Id.* at 161, 160. The Government argued that the bus bombing testimony was only relevant to show that the defendants knew that Hamas engaged in terrorist activity, but the defendants did not deny that. *Id.* at 160. The Second Circuit found that

4

the terrorist training camp testimony should also have been excluded because it was "highly inflammatory." *Id*. at 163. The testimony had limited relevance because it only served to further authenticate a document which had already been authenticated by other means. *Id*. at 162.

Here, non-expert testimony, videos, documents, and social media posts regarding uncharged terrorist attacks (e.g., 9/11, Boston Marathon Bombing, Chelsea Bombing, Ft. Hood Shooting, San Bernardino Shooting, March 2019 shooting in the Netherlands by Gökmen Tanis) have no relevance to whether Mr. Domingo provided material support to terrorists by attempting to use a destructive device at a 2019 white supremacist rally in Long Beach because he is not being charged with planning or carrying out those other attacks. Fed. R. Evid. 401; *See also Al–Moayad*, 545 F.3d at 160. Thus, there is no probative value to those attacks, and the danger of unfair prejudice is great because terrorist attacks against Americans are highly inflammatory. Moreover, non-expert testimony, videos, documents, and social media posts about these attacks will undoubtedly waste time because background information about the attacks will have to be explained to the jury. But more troubling is the great potential to mislead the jury to believe that these other attacks are at issue, confusing the issues that are relevant to whether Mr. Domingo is guilty of the crimes he is charged with beyond a reasonable doubt.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  CONCLUSION

For the reasons stated above, the Court should exclude evidence, including non-expert testimony, videos, documents, and social media posts, regarding other terrorist attacks.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED:  June 1, 2020          By   /s/ Angela C. C. Viramontes

ANGELA C. C. VIRAMONTES
DAVID I. WASSERMAN
Deputy Federal Public Defenders
Attorneys for MARK DOMINGO

6