AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DOMINGO,<br><br>Defendant. | Case No. CR 19-313-SVW<br><br>**MARK DOMINGO'S NOTICE OF MOTION AND MOTION TO EXCLUDE PREJUDICIAL AND CONFUSING LANGAUGE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Proposed] Hearing Date: July 13, 2020<br>[Proposed] Hearing Time: 11:00 am |

PLEASE TAKE NOTICE THAT the defendant, Mark Domingo, by and through his counsel of record, Deputy Federal Public Defenders David I. Wasserman and Angela C. C. Viramontes, moves this Honorable Court for an order prohibiting the government from using prejudicial and confusing language that would deny Mr. Domingo's right to a fair trial.

This motion is based on the attached memorandum of points and authorities, any declarations of counsel and any exhibits attached hereto, all files and records in this

case, and such further information as may be provided to the Court with respect to this motion.

                                        Respectfully submitted,

                                        AMY M. KARLIN
                                        Interim Federal Public Defender

DATED: June 1, 2020           By  */s/ Angela C. C. Viramontes*
                                        ANGELA C. C. VIRAMONTES
                                        DAVID I. WASSERMAN
                                        Deputy Federal Public Defenders
                                        Attorneys for MARK DOMINGO

## I. INTRODUCTION

Mark Domingo requests that the Court ensure that he receive a fair trial by prohibiting the government from using certain language during the trial that would be unfairly prejudicial and confusing. Specifically, Mr. Domingo requests that the Court: (1) prohibit the government from referring to Mr. Domingo as a "terrorist" and/or "extremist", (2) limit the government's use of the terms "terrorism" and "extremism" and (3) prohibit the government from using first-person plural pronouns (e.g. "our national security," "our country," and "our safety") at trial.

## II. ARGUMENT

A federal district court has both the inherent authority and the duty to ensure that trials are conducted in a manner that protects a defendant's right to a fair trial. *United States v. Marks*, 530 F.3d 799, 807 (9th Cir. 2008) ("District courts have broad power to ensure that a trial proceeds in a proper manner."). That authority includes preventing the use of language that casts the defendant, or others, in a negative light – particularly when it is irrelevant to the proceeding. *See* 20 Am. Jur. Trials 441 § 20 ("Expressions, names, nicknames, and the like, which are so sensitive that their use would be likely to stir up antagonistic feelings on the part of the jurors, ought to be removed from the case at the earliest opportunity. The damage they can inflict on a party's legal position may be irreversible even if they are used but once in front of the jury"). The authority also extends to ensuring that the jury is not confused by the testimony and arguments because it uses terms that are ambiguous and incomplete. *See United States v. DiVarco*, 484 F.2d 670, 675 (7th Cir. 1973) ("The district judge has a duty to see that the trial does not become confusing or repetitious.")

### A. Referring to Mr. Domingo as a "Terrorist" or "Extremist" Would Be Unfairly Prejudicial and Would Deny His Right to a Fair Trial

Allowing the government to refer to Mr. Domingo as a "terrorist" or "extremist" in front of a jury would unfairly prejudice Mr. Domingo and deny him the right to a fair trial.

The terms "terrorist" and "extremist" should be completely prohibited because they are inherently prejudicial. *See Mathis v. United States*, 513 A.2d 1344, 1348 (D.C. Ct. App. 1986) (prosecutor's description of defendant as "the Godfather" required reversal); cf. *United States v. Crooks*, 766 F.2d 7, 12 (1st Cir. 1985) (district court properly excluded testimony that associated defendant with word "Mafia"); *United States v. Steinkoetter*, 633 F.2d 719, 720–21 (6th Cir. 1980) (prosecutor's comments comparing defendant to Pontius Pilate and Judas Iscariat reversible error).

The use of these terms is also problematic because there is a substantial risk that government witnesses will employ them as a way to offer improper characterizations of Mr. Domingo's motives or beliefs without an admissible foundation. "Federal Evidence Rule 701 permits lay testimony in the form of an opinion when it meets the following criteria: it must be rationally based on the witness's perception and helpful to the jury in understanding the witness's testimony or the determination of a 'fact in issue,' and may not be based on the kind of specialized knowledge possessed by experts within the scope of Rule 702." *United States v. Hampton*, 718 F.3d 978, 981 (D.C. Cir. 2013) (quoting Fed. R. Evid. 701). Lay opinion is inadmissible in every instance "[w]hen a witness has not identified the objective bases for his opinion . . . , first because there is no way for the court to assess whether it is rationally based on the witness's perceptions, and second because the opinion does not help the jury but only tells it in conclusory fashion what it should find." *Id.* (citing *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992)). But if a witness does give admissible testimony demonstrating an objective basis to label something terrorist or extremist, i.e., admissible non-hearsay evidence about the specific political or ideological beliefs of another, there would be no reason to add the inflammatory label on top of it.

Thus, there is no reason for the government to use the inherently prejudicial terms "terrorist" and "extremist" during the trial.

4

**B.     The Court Should Limit the Government's Use of the Words "Terrorism" and "Extremism"**

The Court should limit the government's use of the terms "terrorism" and "extremism" because neither is an element of § 2339A or § 2332a(a)(2).

The Court should limit the government's use of the terms "terrorism" and "extremism" because they are inherently prejudicial. *See Mathis v. United States*, 513 A.2d 1344, 1348 (D.C. Ct. App. 1986) (prosecutor's description of defendant as "the Godfather" required reversal); cf. *United States v. Crooks*, 766 F.2d 7, 12 (1st Cir. 1985) (district court properly excluded testimony that associated defendant with word "Mafia"). *United States v. Steinkoetter*, 633 F.2d 719, 720–21 (6th Cir. 1980) (prosecutor's comments comparing defendant to Pontius Pilate and Judas Iscariat reversible error).

Thus, the Court should instruct the government to avoid gratuitous or unnecessary uses of the terms.

**C.     The Court Should Prohibit the Government from Using First-Person Plural Pronouns (e.g. "our national security," "our country," and "our safety") at Trial**

There is no legitimate basis for the government to use the pronoun "our", but there is a profoundly biasing reason to. The concept of "us" invokes a sense of shared experience between the government and Americans (i.e. the jurors), which excludes and alienates Mr. Domingo and his defense team, unfairly prejudicing him. Thus, the Court should prohibit the government from using the pronoun "our" or any other first-person plural pronouns in this way.

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, Mr. Domingo respectfully requests an order prohibiting and limiting the language described above.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED: June 1, 2020    By  */s/ Angela C. C. Viramontes*
ANGELA C. C. VIRAMONTES
DAVID I. WASSERMAN
Deputy Federal Public Defenders
Attorneys for MARK DOMINGO

