NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2979
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>MARK STEVEN DOMINGO,<br><br>         Defendant. | No. CR 19-313-SVW<br><br>GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM PRESENTING IMPOSSIBILITY AS A DEFENSE |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Motion In Limine to Preclude Defendant from Presenting Impossibility as a Defense (the "Motion").

//

//

//

This Motion is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: June 1, 2020                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       CHRISTOPHER D. GRIGG
                                       Assistant United States Attorney
                                       Chief, National Security Division


                                           /s/
                                       REEMA M. EL-AMAMY
                                       DAVID T. RYAN
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................i

MEMORANDUM OF POINTS AND AUTHORITIES................................1

I.   INTRODUCTION...................................................1

II.  STATEMENT OF FACTS.............................................2

III. ARGUMENT.......................................................2

    A.   Defendant Completed the Offense Conduct and Thus
        Cannot Invoke "Impossibility" as a Defense................2

    B.   "Impossibility" Is Irrelevant to an Entrapment Defense....4

    C.   Irrelevant and Confusing Defenses, Such as This One,
        are Properly Excluded Under Rule 403......................6

IV.  CONCLUSION.....................................................7

**TABLE OF AUTHORITIES**

**CASES**

United States v. Russell,
　411 U.S. 423 (1973) .......................................... 5, 6
Sherman v. United States,
　356 U.S. 369 (1958) ............................................. 6
United States v. Gendron,
　18 F.3d 955 (1st Cir. 1994) ..................................... 4
United States v. Hamrick,
　43 F.3d 877 (4th Cir. 1995) ..................................... 4
United States v. Karaouni,
　379 F.3d 1139 (9th Cir. 2004) ................................... 3
United States v. McCormick,
　72 F.3d 1404 (9th Cir. 1995) .................................... 2
United States v. Sanchez-Berrios,
　424 F.3d 65 (1st Cir. 1990) ..................................... 3
United States v. Steward,
　16 F.3d 317 (9th Cir. 1994) ..................................... 3
United States v. Thickstun,
　110 F.3d 1394 (9th Cir. 1997) ................................... 4
United States v. Ulloa,
　882 F.2d 41 (2d Cir. 1989) ................................... 4, 5
United States v. Williams,
　553 U.S. 285 (2008) ............................................. 3

**RULES**

Fed. R. Evid. 403 .................................................. 6
Fed. R. Evid. 401 .................................................. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In March and April 2019, after writing for more than a year about his support for the Islamic State of Iraq and al-Sham ("ISIS"), his hatred of the United States, and his desire to carry out mass-casualty attacks in the United States, defendant Mark Steven Domingo ("defendant") planned and took steps to manufacture and use a weapon of mass destruction to commit mass murder.  Defendant attempted to commit this terrorist attack with two people whom he believed were collaborators, but who were in fact a confidential human source ("CHS") and undercover officer ("UCE") working for the FBI.

Defendant has provided notice that he intends to present an entrapment defense at trial.  The government is separately moving to preclude defendant from presenting an entrapment defense because, under the facts of this case, defendant cannot satisfy his burden to make an offer of proof that is sufficient as a matter of law to support the defense.

Whether or not defendant is permitted to present an entrapment defense, however, he should be precluded from presenting a defense of impossibility – that he could not have completed the intended terrorist attack without the assistance of the CHS or UCE.  First, defendant completed the charged crimes of providing material support to terrorists and attempted use of a weapon of mass destruction, and impossibility is not a viable defense to an attempt charge.  Second, the concept of impossibility is irrelevant to an entrapment defense.  Third, because impossibility is not a defense, any evidence or argument that defendant could not have completed his intended attack without the UCE or the CHS would be irrelevant and would risk

confusing the jury to consider acquittal based on an inapplicable theory.  Therefore, the Court should preclude any argument or evidence related to impossibility under Federal Rules of Evidence 401 and 403.

**II.   STATEMENT OF FACTS**

The government incorporates by reference its Statement of Facts from its Motion In Limine to Preclude an Entrapment Defense, which is filed concurrently herewith.

**III.  ARGUMENT**

**A.   Defendant Completed the Offense Conduct and Thus Cannot Invoke "Impossibility" as a Defense**

As an initial matter, "impossibility" is not an available defense here because the evidence shows that defendant completed the criminal conduct as charged in the indictment.  "Legal impossibility exists when the intended acts would not constitute a crime under the applicable law."  United States v. McCormick, 72 F.3d 1404, 1408 (9th Cir. 1995) (citations omitted).  "Factual impossibility refers to those situations in which, unknown to the defendant, the consummation of the intended criminal act is physically impossible."  Id.  Here, defendant completed the conduct for which he is charged, and so any argument regarding impossibility would necessarily fail.

First, as charged in Count One of the Indictment, defendant provided personnel, in the form of his own services, intending that his services be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 2332a(a)(2)(Use of a Weapon of Mass Destruction).  Specifically, after writing at length about his desire to carry out mass-casualty attacks, defendant developed plans along with the CHS to conduct a string of terror

attacks.  Defendant then led the planning for the attack.  He selected the rally as the target.  He bought materials for the bombs.  He told the UCE to build the bombs.  He dictated each person's role in carrying out the attack.  And he led a final surveillance mission to decide where to place the bombs to kill the most people.  Thus, defendant completed the crime charged in Count One.

Second, as to Count Two, defendant attempted to use of a weapon of mass destruction.  The crime of attempt requires a "substantial step" toward the completion of the crime, but not, of course, success.  Ninth Circuit Model Criminal Jury Instruction No. 5.3 (Attempt).  The government's evidence at trial will show that defendant took several substantial steps toward the completion of the crime.  After he selected the target for the attack, he directed the UCE to make explosives to use in the attack, purchased materials to make the explosives, received what he believed were completed explosives, practiced how to remote-detonate the explosives, and led a surveillance mission to finalize the attack plan and identify the most lethal locations to set the explosives and the most effective escape routes.

Courts have universally held that impossibility is not a defense to the crime of attempt.  United States v. Williams, 553 U.S. 285, 300 (2008); United States v. Karaouni, 379 F.3d 1139, 1145 (9th Cir. 2004) (citing United States v. Steward, 16 F.3d 317, 320 (9th Cir. 1994)); see also United States v. Sanchez-Berrios, 424 F.3d 65, 78 (1st Cir. 1990) (affirming conviction for conspiracy to distribute cocaine and substantive charges of carrying a firearm in furtherance of drug-trafficking crime despite use of sham cocaine in undercover government investigation); United States v. Hamrick, 43 F.3d 877, 885

1  (4th Cir. 1995) (rejecting factual impossibility defense to charge of
2  attempted murder where letter bomb was dysfunctional and incapable of
3  exploding).  Because defendant completed the crimes for which he is
4  charged, any argument or evidence that he could not have completed
5  the terrorist attack he intended to carry out would be irrelevant and
6  should be precluded.

### B.   "Impossibility" Is Irrelevant to an Entrapment Defense

Assuming defendant is permitted to present an entrapment defense at trial, impossibility is also irrelevant to that defense.  In United States v. Thickstun, 110 F.3d 1394, 1397-98 (9th Cir. 1997), the Ninth Circuit rejected a defendant's request to read a "positional predisposition" or "positional readiness" requirement into entrapment law, explaining:

> A person's ability to commit a crime may illustrate her predisposition to do so, but should not become a separate element to be proven.  Such a rule would be especially problematic in bribery cases.  A person is never "positionally" able to bribe a public official without cooperation from that official.

Id. at 1398 (internal citation omitted).

The Ninth Circuit's reasoning lays bare a fundamental problem with measuring predisposition by a defendant's capability to carry out the crime – just as in cases involving the bribery of a public official, the government could never defeat an entrapment defense in any "sting" case if the jury were asked to decide whether the defendant could have done the deed on his own.  Accord United States v. Gendron, 18 F.3d 955, 962 (1st Cir. 1994).

The Second Circuit in Ulloa similarly rejected the notion that the government must prove the defendant's personal ability to commit the crime charged to establish predisposition.  United States v.

Ulloa, 882 F.2d 41, 44 (2d Cir. 1989).  In that case, a defendant convicted of helping an informant buy cocaine and heroin challenged the trial judge's response to jury notes seeking further definition of predisposition.  The instructions included the following: "'Ready' implies an open amenability to it.  It is not terribly different from 'willing.'  The two of them together imply a certain amenability to be involved in illegal conduct." Id.  The Second Circuit upheld the instruction, rejecting the defendant's contention that "readiness" required a physical ability to commit the crime, id. ("We find no support for this position in our cases."), and explained that the court had never before held that "the Government was required to prove readiness in this sense to sustain its burden in proving predisposition." Id. at 44.

The Supreme Court has similarly held that, in cases arising from undercover operations, the defendant's inability to complete the planned criminal conduct alone does not establish entrapment.  In United States v. Russell, undercover agents both supplied the defendant with a scarce ingredient necessary for the manufacture of methamphetamine and purchased the narcotics he made with it.  411 U.S. 423, 425-26 (1973).  The defendant urged the Court to "reconsider the theory of the entrapment defense" and adopt "a rigid constitutional rule that would preclude any prosecution when it is shown that the criminal conduct would not have been possible had not an undercover agent 'supplied an indispensable means to the commission of the crime that could not have been obtained otherwise, through legal or illegal channels.'" Id. at 430-31 (quoting the defendant).  The Court declined, explaining that, because gathering evidence of past narcotics crimes is "all but impossible," law

enforcement properly turned to the techniques of "infiltration" and "limited participation." Id. at 432. The Court recognized that "[s]uch infiltration is a recognized and permissible means of investigation; if that be so, then the supply of some item of value that the drug ring requires must, as a general rule, also be permissible. For an agent will not be taken into the confidence of the illegal entrepreneurs unless he has something of value to offer them." Id. The Court also affirmed the general rule, articulated in Sorrells and Sherman v. United States, 356 U.S. 369, 376-77 (1958), that the entrapment defense "focus[es] on the intent or predisposition of the defendant to commit the crime." Russell, 411 U.S. at 429.

For these reasons, defendant's ability to commit the charged offenses, with or without the assistance of undercover agents, is not legally relevant to an entrapment defense. Thus, even assuming defendant is permitted to raise an entrapment defense, he should be precluded from offering any argument or evidence of impossibility in support of that defense at trial.

**C.   Irrelevant and Confusing Defenses, Such as This One, are Properly Excluded Under Rule 403**

Against this backdrop, permitting the defense - through argument or witness examinations - to ask the jury to consider whether defendant could have carried out his planned attack without the UCE and CHS would be fraught with peril. Such argument or evidence would present the jury with nothing more than an irrelevant, confusing, and hypothetical question. See Fed. R. Evid. 403 (excluding evidence the probative value of which is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

jury"). Permitting the jury to measure defendant's likelihood of success without the UCE and CHS would let defendant seek acquittal based on factual impossibility or plain nullification, neither of which should have any place at trial. Accordingly, defendant should be precluded from offering a defense based on the notion that he could not have committed his planned attack without the UCE and CHS's assistance.

**IV.  CONCLUSION**

For the foregoing reasons, the Court should preclude defendant from presenting argument or evidence that defendant could not have carried out his planned attack without the assistance of the UCE and the CHS.