NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0552/4491
     Facsimile:  (213) 894-2979
     E-mail:     reema.el-amamy@usdoj.gov
                 david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 19-313-SVW |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING GOVERNMENT'S CLASSIFIED, IN CAMERA, EX PARTE, AND UNDER SEAL MOTION TO DELETE FROM DISCOVERY IDENTITIES OF UNDERCOVER PERSONNEL PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1) |
| v. | |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

(U)  This matter is before the Court on the Government's Classified In Camera, Ex Parte, Under Seal Motion TO Delete From Discovery Identities of Undercover Personnel Pursuant To Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1) (hereinafter "government's motion"). By its motion, the government requested that the Court, pursuant to CIPA § 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an in camera and ex parte review of the government's

motion, related memorandum of points and authorities, and the accompanying declaration/exhibit; (2) authorize the government to withhold from discovery the true identities of a Confidential Human Source ("CHS"), Undercover Employee ("UCE") and Online Covert Employee ("OCE") (collectively, the "Undercover Personnel"); and (3) order that the entire text of the government's motion, memorandum of points and authorities, and the accompanying declaration/exhibit, shall not be disclosed to the defense and shall be sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

(U) The Court has considered the government's motion, its memorandum of law in support of the motion, and the declaration/exhibit filed therewith. Based on its consideration, the Court **GRANTS** the government's motion in its entirety.

(U) The Court finds that the government's motion was properly filed <u>ex parte</u>, <u>in camera</u>, and <u>under seal</u> for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an <u>ex parte</u>, <u>in camera</u> review of the government's motion, memorandum of points and authorities, and the accompanying declaration/exhibit.

(U) On the basis of the Court's independent review of the information and the arguments set forth in the government's motion and related documents, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege because the information is properly classified, extremely sensitive, and its disclosure could cause serious damage to the national security of the United States. Furthermore, the Court finds that

withholding the classified information at issue, namely the true identities of the Undercover Personnel, will not deny the defendant his rights under the Confrontation Clause of the Sixth Amendment to conduct cross-examination of the Undercover Personnel should any of these individuals testify at trial in this case.

(U) Additionally, the Court finds that the government has met the "relevant and helpful" standard articulated in <u>United States v. Rovario</u>, 353 U.S. 53 (1957), and <u>United States v. Yunis</u>, 867 F.2d 617 (D.C. Cir. 1989), as it applies to the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the <u>Rovario/Yunis</u> standard, the classified information referenced in the government's motion is not relevant and helpful to the defense.

(U) In addition, for the reasons set forth in the government's motion and related documents, the government has shown "good cause" for why this material should be deleted from discovery. <u>See</u> Fed. R. Crim. P. 16(d)(1).

(U) Accordingly, **IT IS ORDERED** that the government is authorized to withhold from discovery to the defense the classified information at issue, specifically, the true identities of the Undercover Personnel.

(U) **IT IS FURTHER ORDERED** that the entire text of the government's motion, memorandum of points and authorities, and the accompanying declaration/exhibit, shall not be disclosed to the defense, and shall be sealed and maintained in a facility for the storage of such classified information by the Court Security officer as the designee of the clerk of the Court, in accordance with

established security procedures, for any future review, until further order of this Court.

(U) IT IS SO ORDERED, this 9TH day of June, 2020.

_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

       /s/
_____
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorneys