NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-0552/4491
    Facsimile:  (213) 894-2979
    E-mail:     reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK STEVEN DOMINGO,<br><br>Defendant. | CR No. 19-313-SVW<br><br>[~~PROPOSED~~] ORDER GRANTING GOVERNMENT'S CLASSIFIED, IN CAMERA, UNDER SEAL MOTION FOR ORDER RELATED TO POTENTIAL DISCOVERY PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1) |

(U)   This matter is before the Court on the Government's Classified In Camera, Ex Parte, Under Seal Motion for an Order Pursuant To Section 4 of the Classified Information Procedures Act ("CIPA") and Federal Rule of Criminal Procedure 16(d)(1) (hereinafter "government's motion"). By its motion, the government requested that the Court, pursuant to CIPA § 4, Fed. R. Crim. P. 16(d)(1), and the applicable law: (1) conduct an in camera and ex parte review of the government's motion, related memorandum of points and authorities,

and the accompanying supporting materials; (2) authorize the government to withhold from discovery certain classified information; and (3) order that the entire text of the government's motion, memorandum of points and authorities, and the accompanying supporting materials, shall not be disclosed to the defense or the public, and shall be sealed and preserved in the records of the Court to be made available for all future review of these proceedings.

(U)  The Court has considered the government's motion, its memorandum of law in support of the motion, and the accompanying supporting materials filed therewith. Based on its consideration, the Court **GRANTS** the government's motion in its entirety.

(U)  The Court finds that the government's motion was properly filed ex parte, in camera, and under seal for this Court's review, pursuant to CIPA § 4 and Fed. R. Crim. P. 16(d)(1). The Court has conducted an ex parte, in camera review of the government's motion, memorandum of points and authorities, and the accompanying supporting materials, attached to or filed in conjunction with the government's motion.

(U)  The Court finds that in its motion and related documents, the government had made a sufficient formal claim of its national security and classified information privilege. See United States v. Klimavicius-Viloria, 144 F.3d 1249, 1260 (9th Cir. 1998). On the basis of the Court's independent review of the information and the arguments set forth in the government's motion and related documents, the Court finds that the classified information referenced in the government's motion implicates the government's national security and classified information privilege because the information is properly classified, extremely sensitive, and its disclosure could cause

serious damage to the national security of the United States. Furthermore, the Court finds that withholding the classified information at issue will not deny the defendant his right to discovery in this case, and that none of the classified information at issue is discoverable under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

(U) Additionally, the Court finds that the government has met the "relevant and helpful" standard articulated in United States v. Roviaro, 353 U.S. 53 (1957), and United States v. Yunis, 867 F.2d 617 (D.C. Cir. 1989), as it applies to the discoverability of classified information where, as here, the government has properly invoked the national security and classified information privilege. To this end, the Court finds that in applying the Roviaro/Yunis standard, none of the classified information referenced in the government's motion is relevant and helpful to the defense.

(U) In addition, for the reasons set forth in the government's motion and related documents, the government has shown "good cause" for why this material should be deleted from discovery. See Fed. R. Crim. P. 16(d)(1).

(u) The Court will not consider any of the classified materials ordered deleted from discovery, or any information in the government's motion and related documents, in any further proceedings in this case, and there shall be no reference to this information and material during any other further proceedings.

(U) Accordingly, **IT IS ORDERED** that the government is authorized to withhold from discovery to the defense the classified information at issue.

(U)  **IT IS FURTHER ORDERED** that the entire text of the government's motion, memorandum of points and authorities, and the accompanying supporting materials, shall not be disclosed to the defense or the public, and shall be sealed and maintained in a facility for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

(U)  IT IS SO ORDERED, this 9th day of June, 2020.

_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

        /s/
_____
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorneys