NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/4491
    Facsimile: (213) 894-2979
    E-mail:    reema.el-amamy@usdoj.gov
               david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-313-SVW |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PREJUDICIAL LANGUAGE |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Opposition to Defendant's Motion to Exclude Prejudicial Language (the "Opposition").

//

//

//

This Opposition is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: June 15, 2020                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division


          /s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Mark Steven Domingo ("defendant") seeks to (1) preclude the government from referring to him as a "terrorist" or "extremist;" (2) limit the government's use of the terms "terrorism" and "extremism;" and (3) preclude the government from referring to "our national security," "our country," or "our safety" at trial. (Dkt. No. 57).

Much of defendant's motion is moot.  The government will not refer to defendant as a "terrorist" or "extremist" at trial, or use first-person plural pronouns in the manner defendant describes.

The terms "terrorism" and "extremism," however, will be properly used by government and defense witnesses alike.  Both parties have noticed their intent to call experts in the field of terrorism. These experts will explain, among other things, the terrorist attacks that defendant referenced in describing his motivation for committing his intended attack, and the ISIS propaganda that defendant consumed that led to his desire to commit his intended attack.  These witnesses and others will use the words "terrorism" and "extremism," and a move to exclude such words from this terrorism trial is nonsensical.  While the Court retains its discretion, of course, to sustain objections during trial under Rule 403, a pretrial ruling limiting the use of these terms would be unnecessary and improper.

**II.  ARGUMENT**

   **A.   Exclusion under Federal Rule of Evidence 403 Is the Exception and Not the Rule**

Federal Rule of Evidence 403 authorizes courts to exclude relevant evidence when its probative value is substantially

outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The Government is required to establish how the evidence is relevant to one or more issues in the case: 'it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" United States v. Arambula-Ruiz, 987 F.2d 599, 602 (9th Cir. 1993) (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982)).

The exclusion of evidence under Rule 403 is an extraordinary remedy that is to be invoked only sparingly. See United States v. Patterson, 819 F.2d 1495, 1505 (9th Cir. 1987); see also United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) ("[W]e have also recognized that Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance . . . should be struck in favor of admissibility." (internal quotation marks omitted)). In United States v. Hankey, 203 F.3d 1160 (9th Cir. 2000), the Ninth Circuit held that:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

Id. at 1172 (quoting United States v. Mills, 704 F.2d 1553, 1559 (11th Cir. 1983)); see also United States v. Penney, 576 F.3d 297, 314 (6th Cir. 2009) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it means the damage that results when the

introduction of the evidence tends to suggest [a] decision on an improper basis." (internal quotation marks and citation omitted)).

In determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, courts have applied the "sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged." United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

### B. There Is No Basis for the Court to Limit the Government's Use of the Terms "Terrorism" and "Extremism" at this Time

This is a terrorism case, and "terrorism" and "extremism" are words that will properly be used to by expert witnesses and others to describe the evidence.

Courts have recognized that, while certain terms such as terrorism are serious, where they are accurate and relevant to the case, they are permissible. See, e.g., United States v. Felton, 417 F.3d 97, 103 (1st Cir. 2005) (holding that the government's use of the term "terrorist" to describe defendants and their actions was appropriate because, while the term is "highly pejorative," it was "a function of the acts defendants engaged in, not the government's inaccurate description of those acts"); United States v. Jordan, 223 F.3d 676, 691 (7th Cir. 2000) (holding that the government's use of the terms "terrorist" or "terrorism" accurately described defendant's conduct in a case where defendant conspired to blow up a government building; in discussing the proffered use of the term "terrorism," the court stated "that is what this is").

Here, the evidence of defendant's intent and predisposition to commit the charged crimes includes: (1) his consumption and promotion

3

of propaganda by foreign terrorist organizations such as ISIS and al-Qa'ida; and (2) his statements regarding prior terrorist attacks against Americans (which he sought to emulate) and against Mosques (which he sought to avenge). Indeed, defendant has identified his own noticed expert as a "terrorism expert."[1] He plans to testify about "jihadi-inspired terrorist[s]" and the ideologies of foreign terrorist organizations. Id.

The terms "terrorism" and "extremism" are the accurate and natural words to describe the evidence in this case, and any pre-trial limitation on the use of these words terms would unduly restrict honest testimony and impair the Government's ability to put on proof at trial.

**III. CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion to limit use of words "terrorism" and "extremism," and deny the remainder of the motion as moot.

---

[1] Defendant's expert notice was previously filed as Exhibit A to the Declaration of Reema M. El-Amamy in support of the Government's Motion In Limine to Limit Dr. Marc Sageman's Testimony And, In The Alternative, To Hold a Daubert Hearing (Dkt. 78), and is incorporated by reference.

4