NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2979
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-313-SVW |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION THAT ALL POTENTIAL GOVERNMENT WITNESSES UNDER SUBPOENA BE DEEMED TO BE UNDER DEFENSE SUBPOENA |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Opposition to Defendant's Motion That All Potential Government Witnesses Under Subpoena Be Deemed to Be Under Defense Subpoena (the "Opposition").

//

//

This Opposition is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: June 15, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

　　　　　/s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The trial of Defendant Mark Steven Domingo ("defendant") is scheduled to begin in approximately two months. Beginning shortly after defendant's arrest more than a year ago, the government began producing voluminous discovery that identified the significant witnesses in this matter. But rather than take advantage of the ample time he has had to issue trial subpoenas, and to potentially seek the assistance of government counsel to accept service for certain witnesses, defendant instead complains of the "attorney time . . . required to draft subpoenas," (Def. Mot. at 4), and requests that the Court issue a blanket order that **all potential** government witnesses be deemed under defense subpoena. This request is improper, overly broad, ignores the Rules of Criminal Procedure and the District's Local Rules, and should be denied.

**II.   APPLICABLE LAW**

The Federal Rules of Criminal Procedure and Local Rules for the Central District of California lay out a detailed procedure for a defendant to follow to obtain trial subpoenas. First, "[d]efense counsel shall apply to the Clerk for a witness subpoena under [Rule] 17(b), when the witness will be served within this District." Fed. R. Crim. P. 17; Local Rule 17-1. The Clerk may then "issue such a subpoena in blank." Local Rule 17-1. "By filling in a subpoena issued in blank, defense counsel represents that counsel believes the defendant is unable to pay the witness fees and that the presence of the witness is necessary to an adequate defense." Id.

Should defendant seek to subpoena a party outside this District, "defense counsel shall apply for issuance of a subpoena under [Rule]

17(b) to the judge or magistrate judge to whom the case is assigned, and defense counsel shall represent that the defendant is unable to pay for the witness fees and that the presence of the witness is necessary to an adequate defense." Fed. R. Crim. P. 17; Local Rule 17-2.

### III. ARGUMENT

The government objects to any effort by defendant to ignore well-established procedure, and, instead, to seek a blanket order that all witnesses be "under defense subpoena" without following the detailed procedure outlined in the Federal Rules of Criminal Procedure and this District's local rules. In order to avoid delay, confusion, or possible disruption of trial proceedings and waste of jurors' time, the government maintains that, if defendant believes that the presence of a particular witness is necessary to the defense, it is defendant's responsibility to comply with the Federal Rules of Criminal Procedure to ensure that witnesses' availability during trial.

One of the most problematic issues caused by defendant's request is that there are numerous potential government witnesses that could testify in this matter, some of whom the government may likely never call as a witness or bring to Court. Some of those witnesses may be out of the District or not have made plans to come to Court at the time of trial. Additionally, as this case involves matters of national security, spontaneously producing a witness defendant belatedly decides he wants to call as his own witness could potentially raise significantly more complications than in a typical criminal trial.

1  The government also notes the potential applicability of the
2  Touhy regulations to some witnesses defendant may want to subpoena.
3  Subpart B of Part 16 of Title 28, Code of Federal Regulations are
4  referred to as the "Touhy regulations," named after the case, United
5  States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).  The regulations
6  provide that no present or former employee of the Department of
7  Justice may testify or produce Departmental records in response to
8  subpoenas or demands of courts or other authorities issued in any
9  state or federal proceeding without obtaining prior approval by an
10 appropriate Department official.
11 In cases where the United States is a party to the litigation,
12 government counsel is required to obtain clarification from the
13 requesting party and, where possible, an affidavit or, if that is not
14 feasible, a statement setting forth a summary of the testimony or
15 other information sought from the party making the demand.  28 C.F.R.
16 § 16.23(c).  This statement should be requested in writing.  If
17 authorization for oral testimony is subsequently granted, it must be
18 no broader than the scope of the demand as summarized in such
19 affidavit or statement.  Upon receipt of the notice of the demand,
20 the attorney for the government must notify the official in charge of
21 the originating component and consult with that component on the
22 question of complying with the demand.  See 28 C.F.R. § 16.24(a).
23 Consultation in this context requires obtaining the views of the
24 originating component, especially in the presence or absence of the
25 factors set forth in 28 C.F.R. § 16.26.
26 If, after consultation, the originating component does not
27 object to disclosure and the attorney in charge of the case or matter
28 determines that disclosure is appropriate under 28 C.F.R. § 16.26(a)

and not barred by any factor set forth in 28 C.F.R. § 16.26(b), the attorney is empowered to authorize the disclosure without seeking any further approval.  28 C.F.R. § 16.24(b).  Were the Court to grant defendant's motion, it would permit defendant to avoid entirely the potential applicability of the Touhy regulations for certain witnesses, which is improper and contrary to law, and even more problematic in a matter that involves classified material.

Finally, defendant's concern about expending resources attempting to locate and serve witnesses it wishes to subpoena is without merit, as the government is willing to assist defendant by accepting service for defendant's subpoenas for witnesses who worked for or served at the direction of the government during the investigation.  However, defendant needs to follow the law and any applicable regulations, and subpoena any witnesses he wishes to have potentially available to testify on his behalf at trial.  As such, the Court should deny defendant's motion.

**IV.   CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion for all potential government witnesses to be deemed under defense subpoena.

4