AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, CA 90012
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DOMINGO,<br><br>Defendant. | Case No. 19-313-SVW<br><br>**QUALIFIED STATEMENT OF NON-OPPOSITION TO THE GOVERNMENT'S MOTION TO PRECLUDE THE DEFENSE OF IMPOSSIBILITY**<br><br>**[Proposed] Hrng. Date: July 13, 2020**<br>**[Proposed] Hrng. Time: 11:00 a.m.** |

Defendant Mark Domingo, by and through his attorneys of record, David I. Wasserman and Angela C. C. Viramontes, hereby files its qualified statement of non-opposition to the government's motion *in limine* to preclude Mr. Domingo from presenting an impossibility defense at trial.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED:  June 15, 2020          By  */s/ DAVID I. WASSERMAN*
                                        DAVID I. WASSERMAN
                                        ANGELA C. C. VIRAMONTES
                                        Deputy Federal Public Defender
                                        Attorney for MARK DOMINGO

1

## **QUALIFIED STATEMENT OF NON-OPPOSITION**

The defense does not intend on offering evidence that the crime was impossible – either legally or factually.  That is, the defense does not intend on arguing that an attempt to commit the charged offense is not criminal.  Nor does the defense intend on arguing that the offense was factually impossible because consummation of the intended criminal act was physically impossible due to the government's ruse with an inert "weapon of mass destruction."

However, prohibitions on arguments regarding legal and factual impossibility do not preclude the defense from arguing that the completed acts were *insufficient* to meet the elements of the charged offenses, nor do they preclude discussions of a defendant's wherewithal to commit the instant offense prior to contact with government agents. *United States v. Thickstun*, 110 F.3d 1394, 1397-98 (9th Cir. 1997) – which the government cites in its motion to exclude an impossibility defense – makes clear that evidence of a defendant's ability to commit the charged offense *is* relevant.  "A person's ability to commit a crime may illustrate her predisposition to do so, but should not become a separate element to be proven."  *Id.* at 1398.  All *Thickstun* says is that the Court need not *separately* instruct on "positional readiness."[1]  *Thickstun* does not stand for the government's proposition that a defendant's lack of capacity or intent are irrelevant to the jury's determination of entrapment.  That's because they are.  *See United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000) ("[p]redisposition. . . is the defendant's willingness to commit the offense prior to being contacted by government agents, coupled with the wherewithal to do so.")  In fact, were Mr. Domingo to offer a sentencing entrapment theory to the jury, he would be entitled (and

---

[1] In each of the cases cited in the government's discussion of impossibility in the context of entrapment, the courts charged the jury with the entrapment instruction. This is because the cases cited stand only for the proposition that a separate instruction *in addition* to the entrapment instruction was unnecessary, not that evidence of capacity and intent were irrelevant.

required) to present evidence he lacked the intent and capacity to carry out the instant offense. *See United States v. Mejia*, 559 F.3d 1113, 1118 (9th Cir. 2009).

Furthermore, permitting the defense to put forth evidence that Mr. Domingo lacked the wherewithal, capacity, or intent to commit the charged offense does not raise the Fed. R. Evid. 403 concerns outlined by the government. Once again, the defense does not intend on raising an argument that the offense was impossible because an attempt is *ipso facto* insufficient to meet the elements of the offense, nor do we intend to suggest that because the substantive crime was a "sting," Mr. Domingo should be found not guilty. But those are the narrow limits on Mr. Domingo's use of evidence regarding his intent, wherewithal, and capacity.

Due process requires that the government prove each and every element of the offenses charged. Evidence of Mr. Domingo's lack of predisposition and the government's inducement invariably requires a discussion of his capacity, wherewithal, and intent to commit the charged conduct. As such, while the defense generally agrees with the government that factual and legal impossibility are not proper defenses to the crimes charged, evidence of Mr. Domingo's willingness, capacity, and intent to carry out the charged offenses without assistance from the government is relevant and admissible.

AMY M. KARLIN
Interim Federal Public Defender

DATED: June 15, 2020         By  */s/ DAVID I. WASSERMAN*
                                           DAVID I. WASSERMAN
                                           ANGELA C. C. VIRAMONTES
                                           Deputy Federal Public Defender
                                           Attorney for MARK DOMINGO

3