NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/4491
    Facsimile: (213) 894-2979
    E-mail:   reema.el-amamy@usdoj.gov
              david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-313-SVW |
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT WITNESSES FROM THE COURTROOM AND TO REQUIRE THE CASE AGENT TO TESTIFY FIRST |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Opposition to Defendant's Motion to Exclude Government Witnesses from the Courtroom and to Require the Case Agent to Testify First (the "Opposition").

//

//

This Opposition is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: June 15, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

        /s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Mark Steven Domingo ("defendant") seeks to exclude government witnesses from the courtroom under Federal Rule of Evidence 615 and to require the government's primary investigative agent (the "case agent") to testify first.  The government agrees, in part, with defendant's request to exclude witnesses from trial (with the exception of the case agent) but asks that the Court apply the rule equally to both parties' witnesses.

The government does, however, oppose defendant's motion to require the case agent to testify first.  Rule 615 does not dictate the order of witnesses and the Ninth Circuit has repeatedly rejected similar requests from defendants.  The case agent is expected to testify about evidence seized through search warrants on defendant's cell phone, email accounts, and social media accounts.  That evidence covers a range of topics and a large timespan, and will be out-of-context and confusing to the jury if introduced at the outset of trial.  Furthermore, the case agent's presence during the trial will have no effect on the agent's testimony.

**II.  ARGUMENT**

    **A.   An Order Excluding Witnesses Under Rule 615 Should Apply to Witnesses for the Defense As Well As For The Government**

Rule 615 applies equally to defense and government witnesses.  See Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.")(emphasis added) ; United States v. Hobbs, 31 F.3d 918, 921 (9th Cir. 1994) (applying Rule 615 to exclusion of defense witnesses).  Indeed, the purpose of the rule is to prevent witnesses

— both government and defense witnesses — from "'tailoring' their testimony to that of earlier witnesses." United States v. Ell, 718 F.2d 291, 293 (9th Cir.1983).

Rule 615(b) permits the case agent to remain in the courtroom during trial. Defendant does not dispute that the case agent should be permitted to remain in the courtroom under Rule 615(b). (Mot. at 5). See United States v. Valencia-Riascos, 696 F.3d 938 (9th Cir. 2012) (holding that the advisory committee's notes to Rule 615 "make clear that subsection (b) applies to investigative officers or 'case agents' designated on behalf of the prosecution in criminal cases").

Accordingly, the government respectfully requests that the Court order both parties' witnesses excluded during the presentation of evidence, with the exception of the government's case agent.

**B.   Rule 615 Does Not Require the Case Agent to Testify First**

Defendant concedes that Rule 615 does not require the case agent to testify first and he cites no controlling authority to support his demand. (Mot. at 5.) The Ninth Circuit has repeatedly held that a case agent may remain in the courtroom and testify at any point in the government's case. See Valencia-Riascos, 696 F.3d at 942 (allowing case agent to testify last at trial did not violate Rule 615 or due process); United States v. Thomas, 835 F.2d 219, 222-23 (9th Cir. 1987) (same); United States v. Meyer, 403 F.2d 52 (9th Cir. 1968) (same).

In the face of this authority, defendant relies on the passing statement in Valencia-Riascos that it "may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the opportunity to present its own case without interference." 696 F.3d

2

at 943.  Defendant also cites the Fourth Circuit's statement in United States v. Mitchell, 733 F.2d 327, 330 (4th Cir. 1984), that "better practice suggests that if the agent is to testify, he should testify as the Government's first witness, unless . . . there were good reasons otherwise."  In Mitchell, the Fourth Circuit explained that good reasons existed not to have the case agent as the first witness, given that his testimony concerning taking custody of the heroin defendant sold would have "unnecessarily confused the jury" if presented before evidence establishing that the sale occurred.  Id.

Similarly here, the case agent's testimony will concern defendant's statements on social media and his consumption and promotion of ISIS propaganda from 2017 through the night of his arrest.  Certain of these statements refer to defendant's ongoing planning to commit a terrorist attack and efforts to recruit another person to commit the attack along with him and the Confidential Human Source ("CHS").  These statements will be out-of-context and confusing to the jury if presented before the video evidence documenting defendant's meetings with the CHS in which he planned the attack.  Furthermore, because the case agent will primarily be introducing pre-existing documentary evidence, rather than presenting his recollection of past events, there is no appreciable risk that his testimony will be "tailored" or otherwise influenced by being present for the testimony of other witnesses.

**III. CONCLUSION**

For the foregoing reasons, the Court should exclude witnesses for the government and the defense from the courtroom under Rule 615, and permit the government's case agent to remain in the courtroom under Rule 615(b) and testify at any point during the trial.