AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894.0081

Attorneys for Defendant
MARK STEVEN DOMINGO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK STEVEN DOMINGO, <br><br> Defendant. | Case No. CR 19-00313-SVW <br><br> **MARK DOMINGO'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE GOVERMENT WITNESSES FROM THE COURTROOM AND TO REQUIRE THE CASE AGENT TO TESTIFY FIRST; (PROPOSED) ORDER** <br><br> Hearing Date:   July 13, 2020 <br> Hearing Time:   11:00 am <br> Hearing Location: Courtroom of the Honorable Steven V. Wilson |

Mark Domingo by and through his counsel of record, Deputy Federal Public Defenders, David I. Wasserman and Angela C. C. Viramontes, hereby files this Reply to Government's Opposition to Defendant's Motion to Exclude Government Witnesses From the Courtroom and to Require the Case Agent to Testify First.

The Reply is based upon the attached memorandum of points and authorities, all files and records in this case, and any further information provided to the Court regarding the Reply.

                                          Respectfully submitted,

                                          AMY M. KARLIN
                                          Interim Federal Public Defender

DATED: June 29, 2020          By  */s/ Angela C. C. Viramontes*
                                          ANGELA C. C. VIRAMONTES
                                          DAVID I. WASSERMAN
                                          Deputy Federal Public Defenders
                                          Attorneys for MARK STEVEN DOMINGO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In the Motion to Exclude Government Witnesses from the Courtroom and to Require the Case Agent to Testify First, Mr. Domingo requests that the Court: (1) exclude all government witnesses from motion hearings, opening statements, closing arguments, and all witness testimony, (2) only allow government witnesses specifically exempted under Rule 615 to be in the courtroom during motion hearings, opening statements, closing arguments, and witness testimony; (3) require the Case Agent, exempted from the court's order of exclusion, to testify first; and (4) direct the government's witnesses not to read trial transcripts, discuss the case, or discuss their testimony with anyone other than counsel. The government "agrees" with arguments (1) and (2) but requests that the Court apply the ruling to both parties; the defense does not object to the Court applying the ruling to both parties. The government did not respond to argument (4). The government opposes argument (3), but the government's argument is not persuasive because the government cites cases that do not address when a case agent should testify. Thus, the Court should not be persuaded by the government's argument and should instead look to Ninth, Fifth, and Fourth Circuit precedent and exercise its discretion to follow the preferred practice of requiring a case agent to testify early, if not first.

## II. LEGAL ARGUMENT

The Ninth, Fifth, and Fourth Circuit agree that requiring a case agent to testify early, if not first, is within the Court's discretion and a good practice. *United States v. Frazier*, 417 F.2d 1138, 1139 (4th Cir. 1969) ("if it is anticipated that the agent will be called as a witness he should ordinarily be called first so as to avoid giving the prosecution unfair advantage or the appearance that the prosecution is being favored."); *United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012) (footnote omitted) ("we observe that it may be a good practice to require case agent witnesses to testify first, but we decline to adopt a presumption that would deprive the prosecution of the

1 opportunity to present its own case without interference."); *United States v. Mitchell*,
2 733 F.2d 327, 329 (4th Cir. 1984) ("[B]etter practice suggests that if the [exempt] agent
3 is to testify, he should testify as the Government's first witness, unless . . . there [are]
4 good reasons otherwise."); *In re United States*, 584 F.2d 666, 667 (5th Cir. 1978)
5 (holding that agent designated under Rule 615(2) as a government's representative
6 could not be excluded; however, it was proper to order the agent to testify at an early
7 stage of trial).

8       The government cites three cases in support of its argument that the Court should
9 not order the Case Agent to testify first; none of these cases are persuasive. Govt. Opp.
10 at 2. In *Valencia-Riascos*, the Ninth Circuit held the District Court did not err in
11 allowing the Case Agent to testify at the end of the government's case because the
12 defendant did not show any prejudice. *Valencia-Riascos*, 696 F.3d at 943. The Ninth
13 Circuit made plain though that "we observe that it may be a good practice to require
14 case agent witnesses to testify first, but we decline to adopt a presumption that would
15 deprive the prosecution of the opportunity to present its own case without interference."
16 *Id*. In *U.S. v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) the Ninth Circuit held,
17 "Thomas next contends that the district court erred by permitting the government's
18 investigating officer, FBI Agent Smith, who testified as a witness, to sit at counsel table
19 throughout the trial. This argument is meritless." This holding does *not* address at what
20 point a case agent should testify. In *U.S. v. Meyer*, 403 F.2d 52 (9th Cir. 1968), the
21 Ninth Circuit held, "[i]n this Dyer Act conviction we hold it was not error to permit one
22 F.B.I. agent to sit at the government table during the trial although he was a witness."
23 Once again, this holding does *not* address at what point a case agent should testify.
24 These cases are simply not on point.

25       The defense's concern here is the Case Agent's testimony being inadvertently
26 influenced by two weeks of trial testimony, opening statements, and a hearing on
27 pretrial motions. Unfortunately, it is not possible to determine whether the Case
28 Agent's testimony has been influenced until after the fact. Thus, the defense believes it

4

is in the interests of justice for the Court to exercise its discretion and require the Case Agent to testify early, if not first.

Moreover, in weighing the potential harm to Mr. Domingo versus the potential harm to the government, the government has not articulated a reason that pushes the scales in its favor. For example, the government argues that a jury would be confused by learning that Mr. Domingo allegedly consumed and promoted ISIS propaganda at the outset of the government's case, but Mr. Domingo *is* charged with providing support to terrorists. (Govt. Opp. at 3). It's hard to imagine how a jury would be confused by this information? The government also argues that it would be confusing for the jury to learn about statements that Mr. Domingo allegedly made about planning to commit an attack and recruit another person. (Govt. Opp. at 3). Once again, it's hard to imagine a jury struggling to understand Mr. Domingo's own words about wanting to commit an attack or recruiting another? To the extent the Case Agent will testify about evidence "cover[ing] a range of topics and a large timespan" (Govt. Opp. at 1), there is a real danger of inadvertent influence because the Case Agent will have heard two weeks of testimony about evidence covering a range of topics over and over a large timespan before testifying about evidence covering a range of topics and a large timespan. Thus, the potential harm to Mr. Domingo is great, and the potential harm to the government is *de minimis*.

### III.  CONCLUSION

For the reasons stated above, the defense requests that the Court: (1) exclude all witnesses from motion hearings, opening statements, closing arguments, and witness testimony, (2) only allow the government's witness specifically exempted under Rule 615 to be in the courtroom during motion hearings, opening statements, closing arguments, and witness testimony; (3) require the government's witness, exempted

5

from the court's order of exclusion, to testify first;[1] and (4) direct the witnesses not to read trial transcripts, discuss the case, or discuss their testimony with anyone other than counsel.

                                  Respectfully submitted,

                                  AMY M. KARLIN
                                  Interim Federal Public Defender

DATED: June 29, 2020           By  */s/ Angela C. C. Viramontes*
                                  ANGELA C. C. VIRAMONTES
                                  DAVID I. WASSERMAN
                                  Deputy Federal Public Defenders
                                  Attorneys for MARK STEVEN DOMINGO

---

[1] If the Court denies Mr. Domingo's request that the Case Agent testify first or early in the case, the defense requests that the Court advise the jury that the Case Agent heard all of the previous evidence while seated at counsel's table before the Case Agent testifies.

6