AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
Deputy Federal Public Defender
ANGELA C. C. VIRAMONTES (Bar No. 228228)
(E-Mail: Angela_Viramontes@fd.org)
Deputy Federal Public Defender
321 E 2nd Street
Los Angeles, California 90012
Telephone: (213) 894-2854
Facsimile: (213) 894.0081

Attorneys for Defendant
MARK STEVEN DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK STEVEN DOMINGO,<br><br>Defendant. | Case No. CR 19-00313-SVW<br><br>**MARK DOMINGO'S REPLY TO GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION TO LIMIT TESTIMONY OF THE GOVERNMENT'S TERRORISM EXPERT AND MOTION TO EXCLUDE EVIDENCE OF OTHER TERRORIST ATTACKS**<br><br>Hearing Date: July 13, 2020<br>Hearing Time: 11:30 a.m.<br>Hearing Location: Courtroom of the Hon. Steven V. Wilson |

Mark Domingo, by and through his counsel of record, Deputy Federal Public Defenders David I. Wasserman and Angela C. C. Viramontes, hereby files his Reply to the Government's Opposition to Defendant's Motion to Limit Testimony of the Government's Terrorism Expert and Motion to Exclude Evidence of Other Terrorist Attacks.

The Reply is based upon the attached memorandum of points and authorities, all files and records in this case, and any further information provided to the Court regarding the Reply.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED: June 29, 2020      By  */s/ Angela C. C. Viramontes*
ANGELA C. C. VIRAMONTES
DAVID I. WASSERMAN
Deputy Federal Public Defenders
Attorneys for MARK STEVEN DOMINGO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mr. Domingo requests that the Court limit the testimony of the government's terrorism expert by requiring the government to first establish that facts being recounted by the expert were known to and endorsed by Mr. Domingo. The defense also moves the Court to order that the government's expert may not testify about other terrorist attacks that Mr. Domingo is not charged with - the Boston Marathon Bombing and the March 2019 terrorist attack in the Netherlands by Gökmen Tanis

## II. ARGUMENT

**A. The Court should exclude all non-expert testimony, videos, documents, and social media posts of uncharged terrorist attacks, except for the Christchurch Shooting and Las Vegas Shooting, because such content is not relevant.**

The defense does not object to relevant and limited evidence about the Christchurch Shooting and the Las Vegas Shooting. The defense continues to request that the Court exclude all non-expert testimony, videos, documents, and social media posts regarding uncharged and unrelated terrorist attacks such as 9/11, the Boston Marathon Bombing, the Chelsea Bombing, the Ft. Hood Shooting, the San Bernardino Shooting, and the March 2019 shooting in the Netherlands by Gökmen Tanis because this evidence is not relevant under F.R.E. 401. If the Court allows evidence of these uncharged and unrelated terrorist attacks, there is a great danger of "lur[ing] the factfinder into declaring guilt on an improper basis rather than on proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

"[C]ourts are more likely to admit terrorist propaganda material when it bears a direct relationship to the allegations at issue in the trial." *United States v. Pugh*, 162 F.Supp.3d 97, 116 (E.D.N.Y. 2016). Conversely, if terrorist propaganda does not bear a direct relationship to the allegations at issue in the trial, the material should not be admitted because it is simply not relevant and highly inflammatory. This is why in a

material support case, the Second Circuit found that evidence of an ISIL video depicting ISIL's goal of killing President Obama should have been excluded from evidence. *United States v. Al-Moayad*, 545 F.3d 139, 160-163 (2nd Cir. 2008). This too is why the Second Circuit found that testimony about a suicide bus bombing that "was almost entirely unrelated to the elements of the charges" should have been excluded. *Id.* By contrast, the Fifth Circuit found that a District Court did not err in allowing testimony, videos, photographs, and posters depicting violence and glorifying Hamas, where the defendant was charged with providing material aid and support to Hamas. *United States v. El-Mezain*, 664 F.3d 467, 509-510 (5th Cir. 2011).

Here, there is *no* relationship between the charges and 9/11, the Boston Marathon Bombing, the Chelsea Bombing, the Ft. Hood Shooting, the San Bernardino Shooting, and the March 2019 shooting in the Netherlands by Gökmen Tanis. Mr. Domingo is not charged with those attacks. Mr. Domingo was not involved with the planning or execution of those attacks. Mr. Domingo has no relationship to the persons who committed those attacks. Moreover, introduction of this irrelevant evidence would undoubtedly waste time, mislead the jury to believe that general acts of violence and terrorism are at issue, and confuse the issues that are relevant to whether Mr. Domingo is guilty of the actual charges. *See* F.R.E. 403.

Despite the government's argument to the contrary, there is not a direct relationship between the charges and the Boston Marathon Bombing. In its opposition, the government could only point to *three statements* over a two month period in arguing that Mr. Domingo wanted to "emulate" the Boston Marathon Bombing. (Govt. Opp. at 3). Three statements alone do not show an intent to emulate. Moreover, Mr. Domingo never said he was motivated to commit an attack because of the Boston Marathon Bombing, or that he wanted to match or surpass the Boston Marathon Bombing.

Furthermore, there is great danger of a factfinder declaring guilt on an improper basis – the Boston Marathon Bombing – rather than on proof specific to the offenses

charged if the Court admits evidence about the Boston Marathon Bombing given the highly charged emotional nature of the event. *See United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) ("Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.") Moreover, give that an IED was used in the Boston Marathon Bombing, there is danger that a factfinder may confuse the issues by conflating the two cases. Undoubtedly, introduction of evidence with such low probative value will also waste time. Accordingly, the Court should exclude evidence of the Boston Marathon Bombing.

**B.   The Court should require the government to distill its terrorism expert's testimony.**

    **1.   By requiring the government to first establish that Mr. Domingo knew *and* endorsed evidence before having its terrorism expert testify about the evidence, the Court will help the jury understand the evidence in a clear and efficient manner.**

The Court should follow the sound and efficient approach of the First Circuit in *United States v. Mehanna* and only allow the government's expert to testify as to evidence that Mr. Domingo absorbed and endorsed. *See United States v. Mehanna*, 735 F.3d 32, 60 (1st Cir. 2013) ("[t]he pictures, videos, and literature that he absorbed and endorsed during that evolutionary process . . . doubtlessly bear on his motive and intent."). To allow otherwise would "saddle [Mr. Domingo] indiscriminately with the criminal and cultural baggage of intentionally notorious terrorists . . . smack[ing] of overreaching." *Id*.

Here, the government anticipates its expert will "provide context" about ISIS and al-Qa'ida's activities and ideologies as well as the methods they use for disseminating propaganda. (Govt. Opp. at 4). To begin with, how are ISIS and al-Qa'ida's "methods" for disseminating propaganda relevant? They're not; either Mr. Domingo absorbed and

endorsed propaganda or he didn't, the method does not matter. Even if their methods were relevant, the minimal probative value of the evidence is outweighed by the danger of wasting time and confusing the issues. There is the same danger in allowing the government's expert to testify about ISIS and al-Qa'ida's activities and ideologies without first establishing that Mr. Domingo absorbed and endorsed the activities and ideologies. To allow otherwise would permit the government's expert to testify about activities and ideologies Mr. Domingo may not know about and/or may not endorse, saddling him with the "criminal and cultural baggage of intentionally notorious terrorists." *See Mehanna*, 735 F.3d at 60. This Court should not allow the sort of overreaching the First Circuit cautioned against. *See id*. Moreover, testimony about ISIS and al-Qa'ida's many activities over many years (the government has not specified which activities so the defense presumes all) and shifting ideologies over many years will waste time, confuse the issues, and unfairly prejudice Mr. Domingo.

      The government also seeks to have its expert testify about Arabic terms and concepts Mr. Domingo allegedly used, and how ISIS supporters use those terms to justify killing non-Muslims. (Govt. Opp. at 4). The defense once again requests that the Court require the government to first establish that Mr. Domingo knew and endorsed the Arabic terms and concepts before allowing the government's expert to testify about the terms and concepts. As Mr. Domingo readily told the CHS, Mr. Domingo does not understand Arabic. Without requiring the government to show Mr. Domingo knew and endorsed a term, the government's expert could testify to the meaning of a term that could be completely different from Mr. Domingo's understanding as he does not understand Arabic. The same is true for Arabic concepts. Mr. Domingo is not an Arabic scholar, he is a high school graduate who does not understand Arabic. Without requiring the government to show Mr. Domingo knew and endorsed a concept, the government's expert could testify to the meaning of a concept that could be completely different from Mr. Domingo's understanding as he does not understand Arabic. Thus without this foundational showing, any probative value from the expert's testimony

would be substantially outweighed by the danger of waste of time, unfair prejudice, and confusing the issues.

### 2. The Court should not allow the government's terrorism expert to testify about the Boston Marathon Bombing or the March 2019 terrorist attack in the Netherlands by Gökmen Tanis.

For the reasons outlined in section II(A) *supra*, the Court should not allow the government's expert to testify as to the Boston Marathon Bombing or the March 2019 terrorist attack in the Netherlands by Gökmen Tanis. Mr. Domingo hereby incorporates section II(A). The defense does not object to relevant and limited evidence about the Christchurch Shooting and the Las Vegas Shooting.

### C. Entrapment

In its opposition, the government argues that evidence of other terrorist attacks should be admitted to show predisposition or lack of inducement. The defense did not raise entrapment here because entrapment issues are discussed at length in Mr. Domingo's Opposition to the Government's Motion to Preclude Mr. Domingo's Entrapment Defense (Dkt. No. 96). Mr. Domingo hereby incorporates that opposition.

//
//
//
//
//
//
//
//
//
//
//
//

### III.  CONCLUSION

For the reasons stated above, Mr. Domingo requests that the Court limit the testimony of the government's terrorism expert by requiring the government to first establish that facts being recounted by the expert were known to and endorsed by Mr. Domingo. The defense also moves the Court to order that the government's expert may not testify about other terrorist attacks that Mr. Domingo is not charged with - the Boston Marathon Bombing and the March 2019 terrorist attack in the Netherlands by Gökmen Tanis.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

DATED: June 29, 2020           By  */s/ Angela C. C. Viramontes*
ANGELA C. C. VIRAMONTES
DAVID I. WASSERMAN
Deputy Federal Public Defenders
Attorneys for MARK STEVEN DOMINGO