UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.  2:19-cr-00313-SVW                                              Date: August 18, 2020

Present: The Honorable:  **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

Interpreter   N/A

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Mark Steven Domingo | | X | | N/A | | | |

**Proceedings:** ORDER DENYING THE GOVERNMENT'S MOTION TO PRECLUDE AN ENTRAPMENT DEFENSE [61] AND SETTING ADDITIONAL PRE-TRIAL HEARING DATE TO CONSIDER ARGUMENTS RAISED REGARDING PSYCHOLOGICAL EVIDENCE [71] [74]

    The Court has reviewed and considered the supplemental briefing and evidence provided by the Government, and the response brief filed by Defendant. Dkt. 145; Dkt. 147. The Court does not find that the arguments and evidence presented alter the conclusion reached in the Court's prior Tentative Order. Dkt. 141. Accordingly, the Court DENIES the Government's Motion to Preclude an Entrapment Defense. Dkt. 61. This denial is without prejudice to the Government's ability raise this issue after the evidentiary portion of the trial has concluded and before the jury instructions are given. However, the Court will not preclude an entrapment defense at this juncture and will consider the relevance of evidence Defendant seeks admitted by considering its connection to the issues of inducement and predisposition. Because Defendant's predisposition or lack thereof requires the jury to consider both his character and prior conduct, the Court will also permit the Government to introduce evidence to rebut the entrapment defense based on his prior conduct and online statements. See Mohamud, 843 F.3d at 434 (finding that a defendant's online activities and advocacy for terrorist activities, even without direct action, constituted admissible evidence of a predisposition to provide material support for terrorism).

    The Court finds that the proposed testimony Defendant seeks to admit from Dr. Sageman and Dr. Garabedian requires an additional pretrial hearing to consider Daubert issues raised by the Government regarding Dr. Sageman's testimony, Dkt. 71; Dkt. 102; Dkt. 124, and the evidentiary issues raised in the briefing regarding Dr. Garabedian's testimony. See Dkt. 74; Dkt. 105; Dkt. 121. The Courts sets a hearing regarding these evidentiary issues for November 2, 2020. To assist the Court in resolving these motions, Defendant is instructed to file Dr. Sageman's expert report with the Court within 30 days of the hearing date. The Government and the Defendant may also file supplemental briefs of ten pages or less summarizing their positions on each of these evidentiary issues, also due 30 days before the hearing date. To resolve the remaining pretrial issues and motions in limine in advance of the trial date, the Court sets a second pretrial conference for 11/16/20.

:
Initials of Deputy Clerk     PMC