NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2979
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-313-SVW |
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING DR. MARC SAGEMAN AND DR. MELINDA GARABEDIAN |
| v. | |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Supplemental Brief Regarding Dr. Marc Sageman and Dr. Melinda Garabedian (the "Supplemental Brief").

//

This Supplemental Brief is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: October 9, 2020			Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

　　　　/s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Dr. Sageman's Proffered Opinions Are Inadmissible Under Federal Rules of Evidence 702 and 704**

On October 2, 2020, defendant Mark Steven Domingo ("defendant") filed an expert report by Dr. Sageman.  (Dkt. 155).  The report states that Dr. Sageman intends to offer three opinions at trial:

> (1) Defendant was unlikely to have been recruited into a foreign terrorist organization ("FTO") or called upon to do a mission;
>
> (2) There is no evidence that defendant was participating in a bombing plot on behalf of an FTO; and
>
> (3) Absent assistance from the FBI, defendant was incapable of using a bomb in an attack against people in the United States, and was extremely unlikely to participate in a bomb plot in the United States.

For the reasons set forth below, none of these three proffered opinions is admissible under the Federal Rules of Evidence.[1]

**A.   Whether ISIS and al Qaeda Would Have Found Defendant Too Undisciplined to be a Member is Irrelevant**

Dr. Sageman's first proffered opinion, that ISIS and al Qaeda likely would have rejected defendant as a member because he was too undisciplined, is entirely irrelevant to this case.  Defendant is not charged with being a member of or providing support to an FTO, and the government does not intend to present evidence or argument that he was a member of any FTO.  Defendant is charged with providing

---

[1] Defendant's prior expert notice asserted that Dr. Sageman also intended to testify that defendant "latched onto offers from the CHS" and that he was "induced to [use a weapon of mass destruction] upon the specter of obtaining sympathy, friendship, and acceptance, by the CHS."  (Dkt. 71 at 2.)  The government previously moved to preclude Dr. Sageman from offering such testimony, which directly states an opinion on an ultimate issue in violation of Federal Rule of Evidence 704(b).  (Dkt. 71, 102.)   Dr. Sageman's Expert Report does not state these opinions.  To the extent he intends to offer them at trial, the Court should preclude him from doing so.

1  material support to terrorists, in violation of 18 U.S.C. § 2339A,
2  not providing material support to an FTO, in violation of 18 U.S.C.
3  § 2339B.  Section 2339A requires the government to prove that
4  defendant provided material support or resources to <u>another</u>
5  <u>individual</u>, not an FTO, to be used in preparation for, or in carrying
6  out the crime of use of a weapon of mass destruction in violation of
7  18 U.S.C. § 2332a.

     Dr. Sageman's opinion also does not bear on defendant's predisposition to engage in the charged offenses.  While defendant's statements of support for ISIS and his sharing of ISIS propaganda glorifying terrorist attacks are evidence of his predisposition to commit an attack himself, the fact that ISIS may have rejected him because he did not meet their standards is irrelevant to determining his predisposition.

     Whether ISIS and al Qaeda would have found defendant too undisciplined to be an effective member will not assist the trier of fact to understand the evidence or to determine a fact in issue at trial because those opinions do not relate to an element of the charged crimes or an element of the affirmative defense of entrapment.  <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) (To be admissible, expert testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.") (internal quotation marks and citation omitted).

    B.   <u>Whether Defendant Participated in a Bombing Plot for al Qaeda or ISIS is Irrelevant and Not the Proper Subject of Expert Testimony</u>

     Dr. Sageman's second proffered opinion, that there is no evidence that defendant was participating in a bombing plot for

2

either al Qaeda or ISIS, is both irrelevant and improper expert testimony under Rule 702.

It is irrelevant because, as discussed above, defendant is not charged with participating in a bombing plot for al Qaeda or ISIS, and the government does not intend to present evidence or argument that defendant attempted to carry out his planned attack at the direction of either organization.  Instead, the government intends to present evidence (which Dr. Sageman does not dispute), showing that defendant was inspired to commit the attack by ISIS propaganda and a desire to seek retribution for the Mosque shootings in New Zealand in March 2019 (and not by any government agent).  (Dkt. 155 at 3.)  Dr. Sageman's opinion that defendant was not acting on behalf of al Qaeda or ISIS is undisputed, irrelevant to the charges, and should be precluded.

This opinion is also inadmissible under Federal Rule of Evidence 702 because it does not require any scientific, technical, or other specialized knowledge, and is not the product of reliable principles and methods.  Dr. Sageman simply reviewed the evidence and observed (as could any lay person) that it does not show that defendant was carrying out a bombing attack at the direction of al Qaeda or ISIS.  No expertise is required to render that opinion, it will not help the jury interpret the evidence or determine a fact in issue, and Dr. Sageman should be precluded from offering it.

C. <u>Defendant's Inability to Make a Bomb Requires No Expertise to Determine, and the Frequency of Unrelated Bombing Attacks is Irrelevant</u>

Dr. Sageman's third proffered opinion actually contains two opinions: (1) defendant was not capable of manufacturing a bomb

3

himself; and (2) defendant was unlikely to participate in a bomb plot in the United States because such plots are infrequent. Both opinions are inadmissible.

Dr. Sageman's opinion that defendant was not capable of manufacturing a bomb is not proper expert testimony under Federal Rule of Evidence 702 because it does not require any scientific, technical, or other specialized knowledge, and is not the product of reliable principles and methods. Again, Dr. Sageman simply reviewed the evidence and observed (as could any lay person) that defendant told the CHS that he was incapable of manufacturing a bomb, and that defendant had not sought to learn how to make a bomb. (Dkt. 115 at 5-6). Dr. Sageman seeks to simply restate what defendant said about his own capabilities. That is not proper expert testimony. The jury requires no expert to understand or interpret defendant's statement. Such testimony will not help the jury understand the evidence or determine a fact in issue, and it is inadmissible under Rule 702.

Dr. Sageman also states in his report that because defendant had not learned how to make a bomb, he "was definitely not 'predisposed' to even attempt to use a bomb and would not have done so absent the FBI." (Dkt. 115 at 6.) That opinion is flatly prohibited by Rule 704(b), which states that "an expert witness must not state an opinion about whether defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Whether defendant was or was not predisposed to attempt to use a bomb is an element of the entrapment defense, and is a matter for the trier of fact alone. See United States v. Campos, 217 F.3d 707, 711 (9th Cir. 2000).

4

Finally, Dr. Sageman's opinion that defendant was unlikely to participate in a bomb plot because such plots are infrequent is irrelevant to determining defendant's predisposition to commit the charged crimes.  Courts evaluating a defendant's predisposition to commit a crime review five factors: "(1) the character and reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement." United States v. Davis, 36 F.3d 1424, 1430 (9th Cir. 1994) (internal citation omitted).  All of these factors are properly focused on the defendant.  The frequency with which other, unrelated individuals have committed similar crimes in the past does not bear in any way on any of these five factors.  Because the past conduct of other unrelated individuals does not bear on defendant's predisposition, expert testimony regarding such unrelated conduct is irrelevant and should not be permitted.

    D.    Dr. Sageman's Opinions Improperly Provide a Backdoor for Defendant's Self-Serving Hearsay

Finally, Dr. Sageman's proffered expert testimony is improper because it will serve primarily as a conduit for introducing defendant's self-serving hearsay.  Indeed, throughout his report, Dr. Sageman repeatedly quotes defendant's self-serving statements about his mental state and intentions, and Dr. Sageman relies on those statements to form his opinions.  (Dkt. 155 at 2-5).  The Ninth Circuit has cautioned against allowing defendants to use experts to backdoor their own self-serving hearsay without subjecting themselves

5

to cross examination.  See United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (A defendant's placement of his exculpatory statements "before the jury without subjecting himself to cross-examination" is "precisely what the hearsay rule forbids."); see also United States v. Johnson, 587 F.3d 625, 635 (4th Cir. 2009) (holding that an expert cannot simply "act[] as a transmitter for testimonial hearsay," and that courts should guard against "the risk that a particular expert might become nothing more than a transmitter of testimonial hearsay and exercise their discretion in a manner to avoid such abuses").

For this reason, at least one district court has previously precluded Dr. Sageman from attempting to introduce similar expert testimony on the mental state of a defendant based on conversations Dr. Sageman had with the defendant.  United States v. Shafi, 2018 WL 3159769 at *5 (N.D. Cal. Jun. 28, 2018).  In Shafi, Dr. Sageman sought to testify as an expert in a terrorism trial about Shafi's "feelings of disillusionment, and his 'difficult family life.'"  Id. The district court stated, "My concern is that Sageman wants to tell the jury what Shafi has told him about his motives and beliefs.  An expert may not serve 'simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony.'"  Id. (quoting Owens v. Republic of Sudan, 864 F.3d 751, 789 (D.C. Cir. 2017)).  The court further explained, "There would be no effective way to cross-examine Sageman on these conversations and his resulting opinion, and no way to rebut it if Shafi invokes his constitutional right not to testify."  Id. Therefore, the court held that "mental state testimony on Shafi's

6

actual opinions and conduct is inadmissible if it is based on conversations that Sageman had with Shafi.  Sageman may of course opine on the basis of hypothetical facts grounded in the other evidence presented at trial." Id.  Here too, Dr. Sageman should be precluded from testifying about defendant's mental state based on conversations Dr. Sageman had with defendant.

**II.   THE GOVERNMENT RENEWS ITS ARGUMENTS REGARDING DR. GARABEDIAN PROPOSED TESTIMONY**

The Court has determined that a pre-trial hearing is warranted due to the evidentiary issues raised by Dr. Garabedian's proposed testimony.  (Dkt. 150).  The government renews its arguments and maintains that defendant's statements to Dr. Garabedian constitute inadmissible hearsay.  (Dkt. 105).

First, none of defendant's statements falls within any recognized hearsay exception under the Federal Rules of Evidence.  Contrary to defendant's assertion, Rules 803(3) and 803(4) are not applicable.

Additionally, many of the statements defendant identified in his motion were part of lengthy conversations and, as offered, are misleading and not representative of defendant's admissions.

Finally, because defendant has not noticed an insanity or mental health defense, pursuant to the Federal Rules of Criminal Procedure, any statements defendant purportedly made to Dr. Garabedian in 2018 regarding his mental state – well before the investigation began – are irrelevant and should be excluded.  Indeed, in response to the government's brief, defendant failed to reference a single case in which a court permitted the admission of evidence in the manner

7

defendant seeks to do here.  The government maintains that the Court should deny defendant's request to admit defendant's statements to Dr. Garabedian pursuant to Rule 803(3) and 803(4) of the Federal Rules of Evidence.

**III. CONCLUSION**

For the foregoing reasons, the Court should preclude improper testimony from Dr. Sageman and Dr. Garabedian.

8