NICOLA T. HANNA
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2979
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-313-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION REGARDING THE SCHEDULED DAUBERT HEARING |
| v. | |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Position Regarding the Scheduled Daubert hearing for Dr. Sageman.

//

This filing is based on the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may allow.

Dated: October 16, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

         /s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 18, 2020, the Court ruled that "the proposed testimony Defendant seeks to admit from Dr. Sageman and Dr. Garabedian requires an additional pretrial hearing to consider Daubert issues raised by the Government regarding Dr. Sageman's testimony." (Dkt. 150). For the reasons set forth in the government's Supplemental Brief (Dkt. 159), none of the three proffered opinions in Dr. Sageman's expert report is admissible and the government maintains that the Court should preclude Dr. Sageman from offering them at trial.

To the extent the Court would consider permitting Dr. Sageman to provide one or more of those opinions, however, a Daubert hearing is necessary to determine whether they are the product of reliable principles and methods and whether Dr. Sageman has applied those reliable principles and methods to the facts of the case. Fed. R. Evid. 702. As set forth in the government's Supplemental Brief, two of Dr. Sageman's three proffered opinions – that defendant was not participating in a bomb plot on behalf of al Qaeda or ISIS, and that defendant was not capable of manufacturing a bomb himself – appear to be simple observations that a lay person could make from reviewing the discovery, rather than expert opinions based on specialized knowledge and the application of reliable principles and methods. (Dkt. 159).[1]

---

[1] Dr. Sageman's third proffered opinion – that ISIS and al Qaeda would have rejected defendant as a member because he was too undisciplined – is irrelevant because defendant is not charged with being a member of or providing support to either organization, and the government does not intend to present evidence or argument that he was a member of or acting on behalf of either organization. (Dkt. 159 at 1-2.)

The government also remains concerned that defendant intends to have Dr. Sageman testify about defendant's mental state, specifically, whether or not he was predisposed to commit the charged crimes. In defendant's Request for Clarification filed earlier today, defendant asserts that "[n]owhere in Dr. Sageman's report does he opine as to Mr. Domingo's mental state at the time of the offense." (Dkt. 165 at 3.) In fact, however, at page six of his report, Dr. Sageman states that because defendant had not learned how to make a bomb, he "was definitely not 'predisposed' to even attempt to use a bomb and would not have done so absent the FBI." (Dkt. 115 at 6.) Expert testimony that defendant lacked a mental state (predisposition) that is an element of the affirmative defense is plainly improper under Federal Rule of Evidence 704(b), and Dr. Sageman should be precluded from offering such an opinion at trial.

Because Dr. Sageman's proffered opinions are either irrelevant, improper, or simple observations of the evidence rather than expert opinions based on specialized knowledge and reliable principles and methods, the Court should either preclude Dr. Sageman from offering them at trial, or, at the very least, proceed with a Daubert hearing.