UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.   2:19-cr-313-SVW                                                                    Date: March 31, 2021

Present: The Honorable:   Stephen V. Wilson, U.S. District Judge

Interpreter   NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Mark Steven Domingo | | X | | | | | |

**Proceedings:** IN CHAMBERS ORDER REGARDING EVIDENTIARY MOTIONS [54], [55], [56], [57], [62], [72], [73], [75], [76].

Before the Court are evidentiary motions filed by Defendant and the Government. The Court rules as follows.[1]

### [54] Defendant's Motion for Order that All Government Witnesses Under Subpoena be Deemed Under Defense Subpoena.

The motion is DENIED. Defendant cites to no Ninth Circuit authority that requires this Court to grant the requested relief. Defendant should subpoena witnesses in the manner prescribed by the Federal Rules of Criminal Procedure and this District's local rules.

However, the Government is ORDERED to assist Defendant in serving Government witnesses under subpoena, including by providing known addresses of those witnesses or accepting service for those witnesses. This is consistent with the Government's statement that it is "willing to assist defendant by accepting service for [D]efendant's subpoenas for witnesses who worked for or served at the direction of the government during the investigation." Dkt. 93

---

[1] Should any events at trial compel reconsideration of these decisions, the Court will address those events when they occur.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

**[55] Defendant's Motion to Exclude Government Witnesses From The Courtroom And To Require The Case Agent To Testify First.**

The motion is GRANTED in part. The motion is granted with respect to (1) the exclusion of witnesses who are not exempt under Federal Rule of Evidence 615, and (2) the prohibition on witnesses reading trial transcripts or discussing the case or testimony with anyone other than counsel. Those requirements apply equally to witnesses for the Government and Defendant.

With respect to the motion for an order requiring the Government's case agent to testify first, the Court is inclined to deny that motion. Federal Rule of Evidence 615 does not require the case agent to testify first, and the Ninth Circuit has held that allowing the case agent to testify last at trial does not violate Rule 615 or due process. *See United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012). Moreover, given the Government's representations regarding the nature of the case agent's testimony, *see* Dkt. 95 at 3, any harm to Defendant is speculative.

However, in order to better evaluate Defendant's position, the Court will reserve ruling on that motion until after opening statements are presented. The case agent will be permitted to remain in the courtroom for opening statements.

**[56] Defendant's Motion to Exclude Evidence of Other Terrorist Attacks.**

The substance of this motion was largely dealt with by the Court's order limiting the parties' expert testimony. There, the Court found that the Government is precluded from offering expert testimony regarding the activities and ideology of ISIS and al-Qa'ida. *See* Dkt. 176 at 7–8. "The Government may argue to the jury, based on the evidence presented at trial, that Defendant was inspired by certain events or terrorist propaganda. However, an expert opinion to that effect would likely mislead the jury and lead to a confusion of the issues." *Id.* at 8. The Court also noted that the Government's expert will be allowed to explain—in a limited manner—terms, events, and persons referenced by the Defendant. *See id.* at 8–16.

Accordingly, this motion is effectively moot and need not be resolved by the Court.

**[57] Defendant's Motion to Preclude Prejudicial Language.**

The motion is DENIED. Government witnesses may use the words "terrorism" or "extremism" when testifying but should avoid using the term gratuitously. The Government may also use those terms in opening and closing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Additionally, the Government has stated that it "will not refer to defendant as a 'terrorist' or 'extremist' at trial, or use first-person plural pronouns in the manner [D]efendant describes."[2] Dkt. 90. Accordingly, the remainder of Defendant's motion is moot.

**[62] Government's Motion to Preclude Defendant from Presenting Impossibility as a Defense.**

Defendant filed a qualified statement of non-opposition to this motion, in which Defendant states that he "does not intend on offering evidence that the crime was impossible—either legally or factually." Dkt. 94. Accordingly, the motion is GRANTED. Defendant is precluded from presenting an impossibility defense. However, Defendant is permitted to present evidence regarding his willingness, capacity, and intent to carry out the charged offenses (or lack thereof) in order to argue entrapment or that the completed acts were insufficient to meet the elements of the charged offenses.

**[72] Defendant's Motion to Exclude Evidence of Other Acts.**

The Motion is GRANTED in part and DENIED in part. Relying on the categories of evidence identified by Defendant, the Court finds as follows:

(1) Evidence stemming from Defendant's conduct in the military is excluded. The Court finds that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403.

(2) The Government may present evidence of Defendant obtaining, maintaining, displaying, and modifying firearms to the extent that such evidence arises from Defendant's interactions with the CHS. However, that evidence is excluded to the extent that it relates to conduct prior to Defendant's interactions with the CHS. Given the volume of evidence in this case, firearms related conduct prior to Defendant's interactions with the CHS is largely cumulative and minimally probative. *See id.*

(3) The Government has stated that it does not intend to present Defendant's statements to a "love interest" (to whom Defendant spoke about his hatred of Jews, his desire to fight in the Middle East, and his desire to commit acts of violence) or Defendant's web history regarding an "LGBT pride parade." Dkt. 98 at 6 n.6, n.7. Accordingly, Defendant's motion with respect to that evidence is denied as moot.

(4) With respect to the evidence discussed in the remainder of Defendant's motion, the Court finds that the evidence is relevant to Defendant's intent and—for the purposes of rebutting an entrapment defense—Defendant's predisposition. Moreover, the evidence is not unduly prejudicial. Accordingly, the

---

[2] The Government should also instruct its witnesses not to refer to Defendant in that manner.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

remainder of Defendant's motion is denied. However, the Court notes that evidence of Defendant's consumption of ISIS propaganda will be limited. *See infra* at 5.

**[73] Defendant's Motion to Exclude Statements.**

The Motion is GRANTED in part and DENIED in part. Relying on the categories of evidence identified by the Government, the Court finds as follows:

(1) Defendant's motion is granted with respect to his statements regarding his hatred of and desire to kill Jews, and his statements about women and the LGBT community. The minimal probative value of this evidence is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403.

(2) Defendant's motion is denied with respect to his statements regarding his support for ISIS, his desire to destroy the West and impose Sharia law, and his desire to commit mass-casualty attacks. Said evidence is relevant to Defendant's intent and predisposition. However, the Court notes that evidence of Defendant's consumption of ISIS propaganda will be limited. *See infra* at 5.

(3) Defendant's motion is granted in part with respect to his post-arrest statements. The motion is granted with respect to the second set of statements described in the Government's opposition. *See* Dkt. 97 at 8. Specifically, the following is excluded: "No I'm good. Other than a bullet to the head, save the taxpayers some money. I mean surely you two pay taxes. . . . Yea. I mean surely, this shithead, wanted to kill Americans, why let him live? It'd be doing you guys a great, be doing everyone a great favor. You can even spin it off as a media story. Heroic FBI raid kills extremist! Go men and women in blue! There, you secure funding and the love and adoration of all the fucking normies, who will continue to do drugs and gamble and all the other shit you guys don't want them doing." The evidence has minimal probative value and may confuse the jury. *See* Fed. R. Evid. 403.

However, the motion is denied with respect to the first set of statements. *See* Dkt. 97 at 7–8 (statements beginning "Perhaps not our attack" and ending on page 8 with "candy"). Those statements are relevant to Defendant's intent and are not unduly prejudicial.

To the extent Defendant argues that some of the aforementioned admitted evidence is cumulative, *see* Dkt. 73 at 10, the Court reserves the right to exclude cumulative evidence at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

**[75] Defendant's Motion to Exclude Propaganda Seized from Defendant.**

The motion is GRANTED in part and DENIED in part. The motion is denied with respect to the songs. With respect to the disputed images, *see* Dkt. 85-1, the motion is granted as to images containing derisive material about Jews, Christians, homosexuals, women, or black people. The minimal probative value of those images is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. The motion is denied with respect to all other images.

Finally, with respect to playing the videos at trial, the motion is granted, because playing the videos would be unduly prejudicial, likely to confuse the issues, and/or cumulative in light of the Court's findings with respect to the songs and videos. *See* Fed. R. Evid. 403. However, the Government is allowed to offer an oral description of the videos in non-graphic language.

**[76] Defendant's Motion to Admit Post-Arrest Statements.**

The parties are ORDERED to file supplemental briefs regarding this motion. The Court notes that, even if the rule of completeness applies, *see* F.R.E. 106, Defendant's post-arrest statements must still fall within a hearsay exception. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("Even if the rule of completeness did apply, exclusion of [the defendant's] exculpatory statements was proper because these statements would still have constituted inadmissible hearsay."). Based on the parties' current briefing, the Court is unable to determine whether Defendant's post-arrest statements fall within a hearsay exception.

Accordingly, the parties are ORDERED to file supplemental briefs regarding whether Defendant's proffered statements (1) constitute a statement against interest under F.R.E. 804(b)(3), either because the statements address Defendant's motive or otherwise; and/or (2) fall within F.R.E. 807, *i.e.*, the residual exception.

The parties should file simultaneous opening briefs addressing these issues on April 9, 2021. The parties' opening briefs should be no more than 10 pages. Simultaneous response briefs should be filed on April 16, 2021 and should be no more than 7 pages.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Deputy Clerk** | PMC |