TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2927
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00313-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT'S POST-ARREST STATEMENTS |
| v. | |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Supplemental Brief Regarding Defendant's Post-Arrest Statements ("Supplemental Brief").

//

//

//

This Supplemental Brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 9, 2021         Respectfully submitted,

                             TRACY L. WILKISON
                             Acting United States Attorney

                             CHRISTOPHER D. GRIGG
                             Assistant United States Attorney
                             Chief, National Security Division


                                   /s/
                             REEMA M. EL-AMAMY
                             DAVID T. RYAN
                             Assistant United States Attorneys

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

**SUPPLEMENTAL BRIEF**

On March 31, 2021, the Court ordered the parties to file supplemental briefs regarding defendant's motion to admit certain post-arrest statements. The government incorporates herein its previously filed Opposition to Defendant's Motion to Admit Post-Arrest Statements Per Fed. R. Evid. 106, 804(B)(3), and 807 (the "Opposition"). (Dkt. No. 87).

In the Opposition, the government identified nine clips from defendant's recorded post-arrest statement that it intended to play at trial. The government updates its position regarding the clips that it intends to play as follows:

- The Court has ruled that **Clip 9** shall be excluded. (Dkt. 193 at 4). Therefore, the government will not play this clip at trial.

- Defendant has not requested that any content be added to **Clip 2**, **Clip 4**, or **Clip 5**. Additionally, the Court has denied defendant's motion to exclude **Clip 4**. (Dkt. 193 at 4). Therefore, the government intends to play **Clip 2**, **Clip 4**, and **Clip 5** as reflected in the Opposition at trial.

- The government will delete the following content from the end of **Clip 1**: The agent then asked, "Ok, why did you choose to attack that specific rally in Long Beach on Sunday?" Defendant answered, "I guess it was just convenient." Absent this final statement, defendant's requested addition to **Clip 1** is not necessary. The government intends to play the shortened **Clip 1** at trial without the addition requested by defendant.

- The government no longer intends to play **Clip 6** or **Clip 7** at trial.  However, if it ultimately chooses to play either of those clips, it will include the additional content requested by defendant.

- The government intends to play **Clip 3** at trial, and does not believe any further modification of the clip is necessary.  As previously argued in the Opposition, the government's proposed excerpt is not misleading or distorted.  The excerpt includes defendant's complete answer to the question that he was asked regarding what message he intended to send through his attack.  (Ex. 1 at 22:33-23:03).  Defendant's proposed addition begins nearly thirty seconds after he completes his answer to that question, and raises a separate issue regarding the timing of the attack.  (Ex. 1 at 23:29-24:05).  Therefore, the Rule of Completeness does not apply.  Furthermore, defendant's proposed addition is not a statement against interest, as it does not inculpate defendant in criminal conduct.

- The government intends to play **Clip 8** at trial, and does not believe any further modification of the clip is necessary.  As previously argued in the Opposition, the government's proposed excerpt is not misleading or distorted.  It contains defendant's complete statement that he had been angry and hated people for many years.  (Ex. 1 at 35:16-36:50).  Defendant's proposed addition contains his lengthy explanation of his time in the United States military, and his previous "anti-Islam" views, which are

separate from, and not necessary to understand, the government's proposed excerpt.  Furthermore, if defendant is permitted to introduce this excerpt, and thereby introduces into this case the fact of his service in the United States military, the government should be permitted to introduce evidence regarding defendant's threats to kill other servicemembers and civilians while in the military as evidence of his predisposition to engage in murder.

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion.