CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
LISA SHINAR LABARRE (Bar No. 246429)
(E-Mail: Lisa_Labarre@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 19-313-SVW |
|---|---|
| Plaintiff, | **MR. DOMINGO'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING THE ADMISSION OF HIS POST-ARREST STATEMENTS** |
| v. | |
| MARK DOMINGO, | |
| Defendant. | |

    Defendant Mark Domingo, by and through his attorneys of record, David I. Wasserman and Lisa Shinar LaBarre, hereby files his response to the government's supplemental brief regarding the admission of his post-arrest statements.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 16, 2021    By  /s/ DAVID I. WASSERMAN
                             DAVID I. WASSERMAN
                             LISA SHINAR LABARRE
                             Deputy Federal Public Defenders
                             Attorney for MARK DOMINGO

## RESPONSE TO THE GOVERNMENT'S SUPPLEMENTAL BRIEF

*Clip 1:*

The government contends that Clip 1 is relevant because (1) "defendant tacitly acknowledged that he intended to attack the rally"; and (2) "he identified the individuals he believed would be present at the rally who he intended to kill." Dkt. 189 at 4:1-5. This is far too generous a reading of the FBI agent's question and Mr. Domingo's answer. The FBI agent did not ask Mr. Domingo in Clip 1 whether Mr. Domingo was going to attend the rally or intended to kill the protesters and/or counter protestors at the rally. The FBI agent simply asked whether there were any other "group[s]. . . looking to attack the rally in Long Beach." Mr. Domingo's answer to that direct question was "I don't know." The rest of Mr. Domingo's answer, wherein he identifies who would be present at the rally (information of which was in the public domain), does not stand as an acknowledgment that he was going to attend the rally, nor does it identify those groups as targets for Mr. Domingo. The colloquy in Clip 1 is irrelevant.

And even if the statement is minimally relevant, its admission is prohibited by Rule 403. Against the backdrop of recent events (e.g., debates over gun control and political groups such as Antifa, white supremacist organizations, Q-Anon, etc.), any reference to "anti-gun Antifa" would confuse the issues and cause unfair prejudice. Further, because the government intends on playing recordings of conversations between the CHS and Mr. Domingo where they discuss the intended target (i.e., the rally) and the participants in said rally (i.e., white supremacists and counter protestors), the proffered post-arrest statement is needlessly cumulative and its admission will waste time. Because these dangers substantially outweigh any probative value that the statement may contain, the evidence should be excluded.

/ /

/ /

/ /

2

*Clip 8*

Mr. Domingo's request to admit a small portion to his post-arrest statement to Clip 8 should be granted.

First, the Clips identified and proffered by the government do not explain *why* Mr. Domingo needed to "vent [his] anger" or *how* the world had been taking a "giant shit on [him] for the last few… months."  *See* Dkt. 198 at 3-4 (statements the government intends to admit).  In fact, the government withdrew its request to play two of the statements (Clips 6 and 7) that *did* discuss Mr. Domingo's non-Islam related reasons for being upset (e.g., his family circumstances and turbulent romantic relationships).  Dkt. 189 at 3:12-13.  Instead of painting a fuller picture, the government is proffering statements that merely express the fact of Mr. Domingo's anger - full stop.  Because the government will present evidence that Mr. Domingo's disdain for society is rooted in Islam, the defense should have the opportunity to rebut this narrative with alternative motivations proffered by Mr. Domingo in the same custodial interrogation, namely his upbringing and frustration with his treatment by society.

Second, presenting evidence of the "why" underlying Mr. Domingo's misanthropy and hatred of society does not "minimize his culpability and elicit sympathy."  *Contra* Dkt. 198 at 6:8-9.  On the contrary, the statement tends to subject Mr. Domingo to possible criminal liability by providing a motive to commit the instant offense.  And, as outlined in Mr. Domingo's supplemental brief, the statement's trustworthiness is supported by corroborating circumstances.  *See* Dkt. 197 at 4-5.  As such, it is admissible as a statement against interest.  *See United States v. Slaughter*, 891 F.2d 691, 696-97 (9th Cir. 1989); *see also United States v. Paguio*, 114 F.3d 928, 931 (9th Cir. 1997); *United States v. Torres-Alvarez*, 44 F. App'x 818, 821-22 (9th Cir. 2002) (unpublished); *Su Chia v. Cambra*, 360 F.3d 997, 1005 (9th Cir. 2004).[1]

---

[1] For the reasons outlined in Mr. Domingo's supplemental filing at Dkt. 197, the defense also believes the proffered statements are admissible under Federal Rule of Evidence 807.

3

1    Based on the foregoing, the Court should grant Mr. Domingo's motion to admit

2  his post-arrest statement.

3

4                                              CUAUHTEMOC ORTEGA
                                               Federal Public Defender
5

6  DATED:  April 16, 2021            By  */s/ DAVID I. WASSERMAN*
                                          DAVID I. WASSERMAN
7                                         LISA SHINAR LABARRE
                                          Deputy Federal Public Defenders
8                                         Attorney for MARK DOMINGO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28