CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
David I. Wasserman (Bar No. 275987)
(E-Mail: david_wasserman@fd.org)
LISA SHINAR LABARRE (Bar No. 246429)
(E-Mail: lisa_labarre@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK DOMINGO,<br><br>　　　　　Defendant. | Case No. 19-313-SVW<br><br>**MARK DOMINGO'S OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION TO CONTINUE THE TRIAL DATE** |

Defendant Mark Domingo, by and through his counsel of record, Deputy Federal Public Defenders David I. Wasserman and Lisa Shinar LaBarre, hereby files this opposition to the government's *ex parte* application to continue the trial date and for Speedy Trial Act findings of excludable delay. Dkt. No. 202.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and any evidence or argument introduced at any hearing on this matter.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: May 25, 2021　　　　　　　By */s/ David I. Wasserman*
　　　　　　　　　　　　　　　　　　DAVID I. WASSERMAN
　　　　　　　　　　　　　　　　　　LISA SHINAR LABARRE
　　　　　　　　　　　　　　　　　　Deputy Federal Public Defenders
　　　　　　　　　　　　　　　　　　Attorneys for MARK DOMINGO

## MEMORANDUM OF POINTS AND AUTHORITIES

On May 25, 2021 – 42 days before trial is set to begin in this case – the government moved *ex parte* to continue the trial date to August 5, 2021. Essentially, the government contends that because "rigorous safety protocols to protect the health and safety of all trial participants" will be necessary as jury trial resume, Mr. Domingo should be asked to wait an additional month for his trial to move forward. *See* Dkt. 202 at 4:18-20. However, the government fails to articulate why Mr. Domingo's case specifically, rather than another defendant's case, should be moved due to these protocols. Mr. Domingo objects to a further continuance of his trial and requests that he be brought to trial on July 6, 2021. Because the government has failed to make the requisite showings for excludable time under the Speedy Trial Act, the Court should deny the government's *ex parte* application.

This Court has the power to find excludable time and continue a trial date when, *inter alia*, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Congress enumerated factors that courts must consider in determining whether to grant an "ends of justice" continuance. *Id.*; *see United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994) (explaining that "the 'ends of justice' exclusion . . . may not be invoked in such a way as to circumvent the time limitations set forth in the Act"). The government relies on the first and fourth factors:

- Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice; and
- Whether the failure to grant such a continuance in a case. . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(i); (B)(ii); *see also* Dkt. 202 at 7:11-12; 22-24.

1

But the government has not shown that denying a continuance of the trial date would make holding a trial right now impossible or result in a miscarriage of justice, nor can it make representations regarding Mr. Domingo's readiness to proceed to trial on the current date.

To the contrary, the premise of the government's *ex parte* application is that although trials will be starting by the time trial in the above-captioned action case is scheduled to commence, "there will be [a] substantial backlog of cases that have been continued to protect the public." Dkt. 202 at 7:5-6.  As such, "the Central District's safety protocols will limit the number of jury trials that can occur simultaneously in order to maintain social distancing and protect all trial participants." *Id*. at 7:6-9.  The fact that the Central District's post-COVID-19 jury trial plan makes accommodations for social distancing and the safety of the community does not explain how denying a continuance would make this proceeding impossible or result in a miscarriage of justice.  Further, 18 U.S.C. § 3161(h)(7)(C) is clear that "[n]o continuance under subparagraph (A). . . shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." *See also* 18 U.S.C. § 3164(a)(1) (the district court must give trial priority to in-custody defendants unwilling to waive time before turning to non-high risk out-of-custody defendants).

//
//
//
//
//
//
//
//

2

Finally, the government's citation to cases justifying continuances due to the pandemic are inapposite since here the Court would not be moving the trial date due to the pandemic, but because safety protocols limit the number of trials that can take place simultaneously. This is insufficient under the Speedy Trial Act. The government's *ex parte* application should be denied.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 25, 2021         By  /s/ David I. Wasserman
                                 DAVID I. WASSERMAN
                                 LISA SHINAR LABARRE
                                 Deputy Federal Public Defenders
                                 Attorney for MARK DOMINGO