1   CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
2   DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
3   LISA SHINAR LABARRE (Bar No. 246429)
(E-Mail: Lisa_Labarre@fd.org)
4   Deputy Federal Public Defenders
321 East 2nd Street
5   Los Angeles, CA 90012
Telephone: (213) 894-2854
6   Facsimile: (213) 894-0081

7   Attorneys for Defendant
MARK DOMINGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DOMINGO,<br><br>Defendant. | Case No. CR 19-313-SVW<br><br>**MR. DOMINGO'S BRIEF RE: HIS ONLINE STATEMENTS AND MILITARY CONDUCT** |

Defendant Mark Domingo, by and through his attorneys of record, David I. Wasserman and Lisa Shinar LaBarre, hereby files this brief regarding Mr. Domingo's online statements and his military conduct pursuant to the Court's July 6, 2021, Order. Dkt. 231.

                                                    Respectfully submitted,

                                                    CUAUHTEMOC ORTEGA
                                                    Federal Public Defender

DATED: July 9, 2021         By  */s/ David I. Wasserman*
                                                     DAVID I. WASSERMAN
                                                     LISA SHINAR LABARRE
                                                     Deputy Federal Public Defenders

## I. INTRODUCTION

The government's request to admit Mr. Domingo's online statements regarding an IED should be denied for three reasons. First, the statement was made *after* the CHS raised the idea of using an IED in the United States with Mr. Domingo. Second, the statement itself is one of *fact*, rather than *ambition*. And third, the statement is vague and misleading. For these reasons, the Court should exclude the statement as lacking in probative value under Fed. R. Evid. 401 and as prohibited under Fed. R. Evid. 403.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

In the government's opposition to Mr. Domingo's motion to exclude graphically violent conduct, the government cites a message posted in a chat group by Mr. Domingo on April 1, 2019. *See* Dkt. 85 at 4-5. Specifically, the government alleges that in response to Mr. Domingo posting an ISIS video,

> "[A] member of the [group chat] who appears to be a Jihadi fighter in the Philippines responded with a quote regarding the need to spread Islam and stated "there is no room for weaknesses or inactivity or sitting back with those who remain behind." Defendant replied, "you're an inspiration to me. Do Philippine police . . . patrol your area." The fighter replied that Philippine police had left the area "because [they] will get IED striked or gun/machete attacked." Defendant replied, "interesting. . . an ied here. . . would do so much damage."

*Id*. The Court excluded the video from evidence under Rule 403, but because the government did not move to admit the statement itself, the Court did not rule on its admissibility. *See* Dkt. 193 at 5 (granting and denying in part Mr. Domingo's motion to exclude). In light of the government's comments at the July 6, 2021, status conference, the Court ordered the parties to brief whether Mr. Domingo's statement that "an ied here . . . would do so much damage" is admissible to rebut Mr. Domingo's entrapment defense and, if admissible, what effect that admission should have on the government's proffered military evidence. *See* Dkt. 231.

//
//
//

2

## III. LAW

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Rule 403 of the Federal Rules of Evidence excludes even relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *United States v. Curtin*, 489 F.3d 935, 963 (9th Cir. 2007). This Court has broad discretion under Rule 403 to exclude admissible evidence to avoid delay, waste of time, and needlessly presenting cumulative evidence. *See United States v. Hooton*, 662 F.2d 628, 636 (9th Cir. 1981) (trial court properly exercised his authority to prevent needless presentation of marginally relevant cumulative evidence); *see also Wilson v. Maricopa County*, No. CV-04- 2873 PHX-DGC, 2007 WL 686726, at *13 (D. Ariz. Mar. 2, 2007) (excluding evidence under Rule 403 regardless of its admissibility where "[t]he case would devolve into a series of mini-trials concerning the relevancy and outcome of these other cases, resulting in an unnecessarily lengthy trial for the parties, the Court, and the jury").

## IV. ARGUMENT

**A. Because the proffered statement (1) came *after* the CHS raised using an IED with Mr. Domingo, (2) is a statement of fact - *not ambition*, and (3) is vague and confusing, the Court should exclude the statement under Rules 401 and 403.**

First, the government is wrong that Mr. Domingo's online statement preceded his interactions with the CHS. Mr. Domingo's online statement occurred on April 1, 2021. On March 18, 2021, while Mr. Domingo and the informant were driving around Los Angeles plotting an attack using firearms, the CHS raises the possibility of using an IED. Specifically, after Mr. Domingo talks about how crime scene investigations of firearms offenses are not as effective as portrayed on television, the CHS says "Or I

can. . . like the brother I'm talking to you about. . . He make. . . he used to make IEDs." Mr. Domingo responds, "that's even better." USAO_009254. Again - this conversation occurs *before* the government's proffered online statement. Hence, the probative value the government assigns to the statement due to its timing is non-existent.

      Second, the statement "interesting. . . an ied here. . . would do soo much damage" is a statement of *fact*, not *ambition*. The statement does not suggest that Mr. Domingo is talking using an IED in the United States to commit an attack. Rather, it is an observation that if an IED were used in the United States it would cause damage. This is the equivalent of saying that "if a weapon is used against a person, the person will get hurt." That it was a statement of fact, rather than of ambition, is corroborated both by Mr. Domingo's initial plan to use firearms during an attack in the United States, as well as his visit to the informant's apartment on April 19, 2019 (after the statement), with an AK-47 - not an IED. As the government concedes, it was the informant who raised the idea of using an IED. And even after the IED idea was raised, Mr. Domingo continued to discuss and plot an attack using firearms.

      Third, the statement is vague and potentially misleading. The complete colloquy between Mr. Domingo and the alleged Jihadi reads:

> DOMINGO: "do philippine police"
> JIHADI: "I been do so much dawah lately my brain hurts from Kaffireen haha"
> DOMINGO: "patrol your area"
> JIHADI: "They once did same as the army but now none of them here because will get IED striked or gun/machete attacked"
> DOMINGO: "interesting… an ied here"
> JIHADI: "have you ever seen a VIBED going off with your own eyes"
> DOMINGO: "would do soo much damage"
> JIHADI: "Detonate motobike or parked cars as VBIED"
> DOMINGO: "[image posted by Mr. Domingo]"
> JIHADI "Recently we did one as an abandoned motorbike at a MNLF checkpoint"
> DOMINGO: "here"

> JIHADI: "We use now instead of C4 charges the bigger blast RDC or SEMTEX"
> DOMINGO: "w my ak"

Mr. Domingo's statement can be read two ways, either as (1) "interesting. . . an ied here. . . would do soo much damage" or (2) "would do soo much damage. . . here. . . w my ak." The former means, at most, that Mr. Domingo discussed what would happen if an IED were used in the United States; the latter is consistent with evidence indicating that Mr. Domino wanted to use a firearm in the United States to commit an attack. But neither interpretation is probative of Mr. Domingo's intent to use an IED during an attack in the United States. As such, the evidence is not probative under Rule 401 and, because of the vague and potentially misleading nature of the statement, should be excluded under Rule 403.

**B.   The military conduct-evidence should be excluded as its probative value is non-existent in light of the proffered statement, and its cumulative nature and unfair prejudice is amplified.**

Although the Court should deny the government's request to admit Mr. Domingo's military conduct independent of its decision regarding the statement in this brief, were the Court inclined to indulge the government's effort to admit the statement, then the case to exclude Mr. Domingo's military conduct becomes even stronger and the Court should affirm its earlier ruling excluding the evidence. *See* Dkt. 193 at 3.

The government's argument for admitting the statement in this brief is that it evinces a predisposition to use an IED during the instant offense due to the timing of the statement and the context in which it was made (i.e., online while discussing terrorism in the United States at or near the time of the instant offense). Assuming *arguendo* that the Court agrees, then this evidence is far more probative than Mr. Domingo's threats against his platoon-mates with a grenade or the training he received to identify (rather than make) IEDs over eight years ago. The substance of the

government's proffer regarding Mr. Domingo's military conduct has already been rejected by this Court as irrelevant, cumulative, a waste of time, confusing, and substantially more prejudicial than probative. If the Court admits the statement outlined in this brief, the reasons for exclusion of Mr. Domingo's military conduct are amplified. As such, the Court should deny the government's motion regarding his military conduct. *See United States v. Ramirez-Robles*, 386 F.3d 1234, 1243 (9th Cir. 2004) ("Where the probative value is slight, moderate prejudice is unacceptable"); s*ee also* Dkt. 216 (noting Mr. Domingo's need to call several witnesses to impeach D.R.'s testimony about Mr. Domingo's conduct in the military).

## V.  CONCLUSION

Based on the foregoing, the Court should exclude the proffered statements.

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 9, 2021          By  */s/ David I. Wasserman*
DAVID I. WASSERMAN
LISA SHINAR LABARRE
Deputy Federal Public Defenders