UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.  2:19-cr-313-SVW                                                              Date: July 20, 2021

Present: The Honorable:  Stephen V. Wilson, U.S. District Judge

Interpreter  NA

| Paul M. Cruz | N/A | N/A |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Mark Steven Domingo | | X | | N/A | | | |

**Proceedings:** IN CHAMBERS ORDER GRANTING IN PART [205] MOTION TO ADMIT PORTIONS OF RECORDED JAIL CALLS AND GRANTING [210] MOTION TO ADMIT EVIDENCE OF PREDISPOSITION.

Before the Court are evidentiary motions filed by the Government. *See* Dkts. 205, 210, 239.[1] The Court rules as follows.

### [205] Government's Motion to Admit Recorded Jail Calls

The motion is GRANTED IN PART. The Court made some initial rulings regarding the admissibility of the calls during the July 12 hearing. However, the Court had not listened to the audio recordings of the calls at that point. Having done so, the Court VACATES any rulings made during the July 12 hearing and rules as follows:

- Clips 5 and 6 are admissible. Contrary to Defendants' argument, the clips are not irrelevant, and their probative value is not substantially outweighed by a danger of unfair prejudice or the cumulative presentation of evidence. *See* FRE 403.

- Clip 10 is admissible only if K.C. testifies.

- Finally, clip 12 is admissible. Contrary to Defendants' argument, the clip is not irrelevant, nor is its probative value substantially outweighed by a danger of wasting time. *See* FRE 403.

---

[1] Although Dkt. 239 is not a separately filed motion, the Court requested briefing on the online statements that the Government seeks to admit. That briefing is Dkt. 239, and the Court will construe that as a motion to admit those online statements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The remaining clips are all inadmissible. Having listened to the entirety of each clip, the Court concludes that they are either irrelevant or carry minimal probative value that is substantially outweighed by a danger of unfair prejudice, cumulative presentation of evidence, confusing the issues, or wasting time. *See* FRE 403.

### [210] Government's Motion to Admit Testimony Regarding Defendant's Predisposition to Use Weapons of Mass Destruction

The motion is GRANTED. The Court finds that the testimony regarding Defendant's predisposition to use weapons of mass destruction is admissible. Specifically, the evidence is probative of Defendant's predisposition to use a weapon of mass destruction, and that probative value is not substantially outweighed by any of the dangers identified in FRE 403.

Defendant makes two main arguments in opposition. First, he argues that, because the IED training Defendant received did not encompass training on how to make an IED, the training evidence is therefore irrelevant. Opp. at 5. Second, he argues that the evidence is irrelevant because the grenades upon which Defendant wrote his platoon-mates' names are "clearly not the same as the pressure cooker bomb constructed by law enforcement in this case." *Id.* at 7.

The Court rejects both arguments. As to the argument regarding training, D.R. will, in fact, testify that Defendant and his platoon-mates "did receive training on how IEDs were made." USAO_014658. Moreover, even training regarding "how IEDs worked" is probative of Defendant's predisposition. *Id.* Such evidence allows a jury to better understand how much Defendant actually knew about IEDs prior to interacting with the CHS.

Additionally, the Court is not persuaded by Defendants' asserted distinction between grenades and pressure cooker bombs. There is, of course, a difference between the two, and that difference can be raised during cross-examination and argument. However, the inquiry for entrapment purposes is not whether Defendant was predisposed to using a pressure cooker bomb. Rather, the inquiry is whether he was predisposed to using a "weapon of mass destruction" under 18 U.S.C. § 2332a. As defined by the statute, that term includes grenades. *See id.*; *see also* 18 U.S.C. § 921(a)(4)(A)(ii).

Finally, to the extent Defendant argues that the evidence is too remote in time to have probative value, the Court rejects that argument. Courts have found that evidence much older than the instant incident is admissible for purposes of predisposition. *See United States v. Simtob*, 901 F.2d 799, 807 (9th Cir. 1990) (admitting convictions that were 12 and 13 years old for purposes of establishing predisposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

For the foregoing reasons, the Government's motion to admit testimony regarding Defendant's predisposition to use weapons of mass destruction is GRANTED.

**[210] Government's Motion to Admit Exhibits Regarding Defendant's Predisposition to Use Weapons of Mass Destruction**

The motion is GRANTED. The online statements are probative of Defendant's predisposition to use a weapon of mass destruction, and that probative value is not substantially outweighed by any of the dangers identified in FRE 403.

Defendant argues that, because two of the three statements were made *after* the CHS first mentioned IEDs, the evidence lacks any probative value. However, the CHS's first reference to IEDs does not mark a bright line after which evidence becomes irrelevant to predisposition. To the contrary, the "most important" factor in the entrapment analysis is a defendant's reluctance to commit the crime charged. *United States v. Bunton*, 953 F.2d 1388 (9th Cir. 1992). Accordingly, evidence that Defendant posted online about IEDs and his interest in them—just days after the CHS first referenced IEDs—is probative of a lack of reluctance.

Defendant also makes arguments regarding the interpretation of the statements. For example, Defendant argues that one of the statements should be interpreted as a statement of fact, not ambition. Defendant also argues that the same statement, when read in context, could be interpreted as an interest in using an AK-47, not an IED.

The Court finds that, although Defendant may make both of those arguments regarding his interpretations to the jury, neither warrants excluding the evidence. Rather, both arguments go to weight and not admissibility.

\* \* \*

For the foregoing reasons, the Government's motion to admit the jail calls is GRANTED IN PART, and the Government's motion to admit testimony and evidence regarding Defendant's predisposition to use a weapon of mass destruction is GRANTED.

**IT IS SO ORDERED.**

Initials of Deputy Clerk  :  PMC