CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
LISA SHINAR LABARRE (Bar No. 246429)
(E-Mail: Lisa_Labarre@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARK DOMINGO,<br><br>    Defendant. | Case No. CR 19-313-SVW<br><br>**MARK DOMINGO'S BRIEF STATING HIS POSITION RE [66] THE GOVERNMENTS MOTION FOR A PROTECTIVE ORDER PERTAINING TO THE TESTIMONY OF UNDERCOVER AGENTS AND THE CHS** |

Defendant Mark Domingo, by and through his attorneys of record, Deputy Federal Public Defenders David I. Wasserman and Lisa Shinar LaBarre, files his statement and opposition to the government's motion for a protective order pertaining to the testimony of undercover agents and a confidential human source at trial.

///
///
///
///
///
///

1  This statement and opposition is based upon the attached memorandum of points
2  and authorities, the files and records in this case, and such further information as may
3  be provided to the Courts regarding this filing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 23, 2021      By  */s/ David I. Wasserman*
                                          DAVID I. WASSERMAN
                                          LISA SHINAR LABARRE
Deputy Federal Public Defenders
Attorney for MARK DOMINGO

## I.  INTRODUCTION

On May 22, 2020, the government filed a motion for an order requesting protective measures be taken in association with the potential testimony of law enforcement witnesses in this case. On July 20, 2021, the Court ordered Mr. Domingo to file a brief stating his position regarding the government's motion.  The defense hereby files this statement and partial opposition regarding the government's request for protective measures.

## II.  ARGUMENT

**A.  Pseudonyms, Limits on Cross Examination, and Limits on Depictions from Recordings**

At this time, the defense does not oppose the use of pseudonyms, nor does the defense oppose the proposed limits on cross examination.  Further, the defense does not object to obscuring the undercover witnesses' faces in recorded videos and images broadcast to the public.

**B.  Light Disguise**

The Sixth Amendment grants a criminal defendant the right "to be confronted with the witnesses against him." U.S. CONST. AMEND. VI.  A criminal defendant's right to cross examination includes the right to face physically those who testify against him and to ensure that the witness gives his statement before the jury so the jury may observe the witness's demeanor. *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988); *Maryland v. Craig*, 497 U.S. 836, 851 (1990).  "[A] disguise should be permitted only when necessary to further an important state interest and when the reliability of the testimony is otherwise assured." *United States v. de Jesus-Casteneda*, 705 F.3d 1117, 1120 (9th Cir. 2013).  "Determining whether the reliability of the testimony is otherwise assured turns upon the extent to which the proceedings respect the four elements of confrontation: physical presence, oath, cross-examination, and observation of demeanor by the trier of fact." *Id*. (citing *Romero v. State*, 173 S.W.3d 502 (Tex. Crim. App. 2005); *Craig*, 497 U.S. at 846).  Further, the Court must make a "case-specific finding

that the disguise [is] necessary." *Id*. at 1121.[1]

In *de Jesus-Casteneda*, an informant in a Sinaloa Cartel-related drug trafficking case testified using a fake mustache and a wig to "help disguise some of his features" due to "dangers involved in [the] particular case." *Id*. at 1119.[2] Although the Ninth Circuit affirmed the district court's ruling allowing the informant to testify in disguise, the Court was keen to note:

> "[W]e recognize that a witness's testimony in disguise might give rise to a due process violation in certain circumstances by prejudicing the jury against the defendant. For example, it could give a jury the impression that the defendant must be dangerous if witnesses need to protect their identities from him. Or, it might suggest that the witness in disguise is particularly valuable to law enforcement, and hence is particularly credible. *Here, given that Appellant had undisputedly seen the CI in person before trial at the undercover warehouse, an alternative solution might have been to seal the courtroom, thereby protecting the CI's identity from the public*." *Id.* at 1121 (emphasis added).

The Ninth Circuit was correct to be cautious that disguise was the only appropriate response to the government's request. This is especially true where the concerns outlined in its comment are evident.

First, it was the CHS and UCE who worked together *against* Mr. Domingo. As such, disguises "could give a jury the impression that the defendant must be dangerous if witnesses need to protect their identities from him." This concern is amplified given the charges at bar (i.e., the attempted use of a weapon of mass destruction) and

---

[1] These procedures should not apply to the Online Confidential Employee ("OCE") since, as the defense understands, this OCE only makes contact with individuals through online chats and not through means by which his or her physical appearance can be identified. Thus, a disguise would not be necessary to obscure the physical identity of an OCE no one ever sees during the course of the OCE's investigation.

[2] The government in *de Jesus-Casteneda* also requested that the informant be permitted to wear sunglasses. The Court denied the request.

evidence that Mr. Domingo possessed firearms and ammunition. Second, because this is a "national security" and "terrorism" case, the jury may conclude that the disguises are necessary because the witnesses are "particularly valuable to law enforcement," thereby lending them particular credibility. And third, since Mr. Domingo has already seen the CHS and UCE in this case in person, a disguise does nothing to conceal their identities from Mr. Domingo.

Thus, sealing the courtroom and permitting non-public entry and exit is the preferred solution. This would not only secure Mr. Domingo's right to confront the witnesses against him, but it would provide the jury the best opportunity to judge the CHS and UCE's credibility, prevent the jury from drawing negative inferences about why the CHS and UCE are wearing disguises, and protect the CHS and UCE's identity from public exposure.

However, should the Court decide to permit the CHS and UCE to testify in disguise, the defense submits that the CHS and UCE must be (1) physically present in the courtroom, (2) testify under oath, (3) be subject to cross-examination, and (4) "despite his disguise, the jury [must be able] to hear his voice, see his entire face including his eyes and facial reactions to questions, and observe his body language. . . all key elements of one's demeanor that shed light on credibility." *Id*. at 1120-21. Finally, the defense requests that the Court instruct the jury that they should not draw any negative inferences against Mr. Domingo from the disguise.[3]

---

[3] The defense would also request that, should the CHS and UCE be permitted to testify in disguise, the Court take a photograph of each witness in disguise for the record.
Further, the defense requests the following instruction be added after Joint Proposed Instruction 17:

> "You have heard testimony from [name of witness] and from undercover agents. Each of these witnesses testified in disguise. Because you may assess a witness's credibility and emotions by, among other things, examining [his/her] eyes, facial reactions to questions, and body language, you may also consider any effect of the disguise on your ability to assess this witness's credibility."

See *de Jesus-Casteneda*, 705 F.3d at 1120-21; Exhibit A (Def. Prop. Instruct. No. 5).

3

**C.    The Defendant and the Public's Rights to Court Access and a Public Trial**

Should the Court grant the government's request for the UCE and CHS to wear a disguise, then the Court should deny their request to seal the courtroom during their testimony.[4]

Access to the Courts and a public trial is a constitutional right held by both the public and the defendant. U.S. CONST., AMEND. VI. Undercover personnel testify in open court all of the time in this district. When the government decides to prosecute a case, it makes a decision whether to bring forth for public scrutiny the tactics and people it uses to fight crime or to keep those strategies secret for another day and investigation. Here, the government used a UCE and a CHS in order to bring this case against Mr. Domingo. The public has the right to see what happened in this case, how it happened, and why we are here. The Court should not prevent the public from seeing exactly how the government runs its investigations.[5]

Separate and apart from the government's request to seal the courtroom itself is the government's request that the public may not disclose depictions or recordings of the undercover witnesses' testimony. At the outset, counsel is not sure how the public would obtain a recording of the testimony without violating Court rules regarding visual and audio recordings in the Courtroom. To that extent, the defense does not object to an order prohibiting the disclosure of actual recordings of the testimony. However, the public and the press should be permitted to observe and report on what happens at trial. The Court should deny that aspect of the government's request.

///

---

[4] The government has withdrawn its objection to defense investigators and paralegals being present in Court during the testimony of the CHS, OCE, and UCE.

[5] As noted, since the government wants the witnesses to wear disguises, issues related to their confidential work and ongoing investigations are not implicated. The entire reason the government wants the witnesses to be permitted to wear light disguise is so that they are not readily identifiable to the public.

## III.  CONCLUSION

Based on the foregoing, the Court should deny the government's request to permit the UCE, CHS, and OCE to testify in disguise.  Instead, the Court should seal the courtroom during their testimony.  Should the Court grant the government's request regarding witness disguises, then the Court should let the public attend the proceedings as it would in any other trial.  The government should not be permitted to both disguise key witnesses and deprive Mr. Domingo his right to a public trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  July 23, 2021          By  /s/ David I. Wasserman
                                   DAVID I. WASSERMAN
                                   LISA SHINAR LABARRE
                                   Deputy Federal Public Defenders
                                   Attorney for MARK DOMINGO