TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/4491
    Facsimile: (213) 894-2979
    E-mail: reema.el-amamy@usdoj.gov
              david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATE OF AMERICA, | No. CR 19-313-SVW |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING ITS MOTION FOR A PROTECTIVE ORDER PERTAINING TO THE TESTIMONY OF UNDERCOVER AGENTS AND A CONFIDENTIAL HUMAN SOURCE AT TRIAL |
| v. | |
| MARK STEVEN DOMINGO, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Supplemental Brief Regarding its

//

//

Motion For Protective Order Pertaining to Testimony of Undercover Agents and Confidential Human Source at Trial.

Dated: July 27, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division

   /s/
REEMA M. EL-AMAMY
DAVID T. RYAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant does not oppose five of the measures the government requested to protect the safety of sensitive undercover witnesses and the integrity of ongoing national security investigations: (1) undercover witnesses may testify under a pseudonym; (2) defense may not ask questions seeking those witnesses' personal identifying information; (3) the government may digitally obscure the undercover witnesses' faces in recorded videos and images broadcast to the public; (4) no public disclosure of any audio or video recording, sketch, or similar reproduction of the voices or visual images of the witnesses while testifying, shall be permitted; and (5) the undercover witnesses may use non-public entrances and exits and remain seated while the jury is present. These unopposed requests should be implemented.

The final two measures at issue are that the undercover witnesses may testify in light disguise, and that the courtroom be partially closed during their testimony with a live audio feed provided to the public in a separate location in the courthouse. In his supplemental filing, defendant stated that the Court should order the partial courtroom closure during the testimony of the undercover witnesses but not permit them to testify in light disguise. (Dkt. 250 at 7).

The government is in the process of seeking the necessary approvals to consent to defendant's request to order the partial court closure and to not permit light disguise. Should the Court order the partial court closure, the government would withdraw its remaining request that the undercover witnesses testify in light disguise. The government may request leave to file a supplemental

brief prior to trial to update the Court regarding the status of the government's request.

If the Court is not inclined to order the partial court closure, the government would request the use of the light disguise as an alternative. As the government set forth in its motion, the light disguise would not limit the jury's ability to see the witnesses' faces and evaluate their credibility. (Mot. at 13-14; Reply at 4-5). Absent a partial courtroom closure, the light disguise would be warranted to protect the identities of the undercover witnesses. See United States v. Hendricks, 950 F.3d 348, 355-56 (6th Cir. 2020) (partial courtroom closure warranted where the undercover officer's "safety, as well as the integrity of his active investigations, would be jeopardized if the general public could observe his physical appearance," and alternatives such as screens or heavier disguises would be impractical or more invasive of the defendant's rights).