TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552/4491
    Facsimile: (213) 894-2979
    E-mail:    reema.el-amamy@usdoj.gov
               david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>         v.<br><br>MARK STEVEN DOMINGO,<br><br>      Defendant. | No. CR 19-313-SVW<br><br>GOVERNMENT'S TRIAL BRIEF REGARDING TESTIMONY OF THE CONFIDENTIAL HUMAN SOURCE |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its Trial Brief Regarding Testimony of the Confidential Human Source.

//

//

1    This Filing is based on the attached memorandum of points and

2  authorities, the files and records in this case, and any further

3  evidence or argument the Court may allow.

4   Dated: August 7, 2021            Respectfully submitted,

5                                    TRACY L. WILKISON
                                     Acting United States Attorney
6
                                     CHRISTOPHER D. GRIGG
7                                    Assistant United States Attorney
                                     Chief, National Security Division
8

9                                    _____/s/_____
                                     REEMA M. EL-AMAMY
10                                   DAVID T. RYAN
                                     Assistant United States Attorney
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     ii

## TRIAL BRIEF

Defendant Mark Domingo ("defendant") has served a subpoena on the Confidential Human Source ("CHS") who participated in the investigation of defendant.  The government will not call the CHS as a witness.  Defendant has stated that he will call the CHS in his case-in-chief.

Defendant has made no offer of proof to the Court regarding the testimony he hopes to elicit from the CHS.  It is undisputed that all interactions between the CHS and defendant were recorded.  The parties have conferred extensively regarding the portions of the recordings that defendant wanted played at trial, and defendant need not call the CHS simply to introduce additional recordings. Defendant has informed the government that he intends to impeach the CHS during questioning.  But it is well established law that a party cannot call a witness, including an informant, solely to impeach him. Therefore, prior to allowing defendant to call the CHS, the Court should require defendant to provide an offer of proof so the government can determine whether to move to exclude that testimony and the Court can evaluate whether there is any permissible purpose for calling this witness.

Furthermore, if defendant is permitted to call the CHS, because there is no basis to believe the CHS will be hostile in answering questions on direct examination, defendant should not be permitted to confront the CHS with leading questions, and the Court should preclude defense counsel from attempting to effectively testify by unnecessarily posing leading questions.

**I.   Defendant Cannot Call the CHS Solely to Impeach the CHS and Should be Required to Present an Offer of Proof so the Court Can Determine If There is Any Proper Purpose for Calling the CHS**

"It is well established that 'a party may not call a witness for the sole purpose of impeaching him.'" <u>United States v. Kielar</u>, 791 F.3d 733, 745 (7th Cir. 2015) (quoting <u>United States v. Giles</u>, 246 F.3d 966, 974 (7th Cir.2001)).  A defendant is entitled to "a meaningful opportunity to present a complete defense." <u>Holmes v. South Carolina</u>, 547 U.S. 319, 325 (2006).  However, "the right to present defense witnesses is not absolute.  A defendant must abide the rules of evidence and procedure,'" including "'standards of relevance and materiality.'" <u>United States v. Dowlin</u>, 408 F.3d 647, 659 (10th Cir.2005)(citation omitted).  <u>See also</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 410 (1988).  Under Federal Rule of Evidence 607, while a party can impeach the credibility of his own witness when necessary, "impeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." <u>United States v. Gilbert</u>, 57 F.3d 709, 711 (9th Cir. 1995).  Thus, the Court must determine whether the party seeking to call the witness seeks to do so "for the primary purpose of placing before the jury substantive evidence which is otherwise inadmissible." <u>Id.</u>

In <u>Giles</u>, the Tenth Circuit affirmed the decision to preclude a defendant from calling an informant where the informant's communications with the defendant were all recorded and admitted through other witnesses, and the "true defense reason . . . for wanting to put [the informant] on the stand was to expose his warts to the jury and float the inference that the FBI should not play

2

footsie with a sleazeball."  246 F.3d at 974.  The Tenth Circuit explained that "because it's clear that a party may not call a witness for the sole purpose of impeaching him," and "no offer of proof was presented as to the substance of the testimony [the defendant] believed in good faith [the informant] would give," there was "no clear abuse of the trial judge's discretion to prevent the defense from putting [the informant] on the stand."  Id.  See also United States v. Morlang, 531 F.2d 183, 189 (4th Cir. 1975) ("[I]t has never been the rule that a party may call a witness where his testimony is known to be adverse for the purpose of impeaching him."); Beasley v. United States, 218 F.2d 366, 408 (D.C. Cir. 1955) ("The defense may not call a witness who has not testified merely to attempt to discredit him in the course of eliciting adverse testimony[.]").

Here, despite the parties' extensive efforts to meet and confer, defendant has provided no indication regarding what questions he intends to ask the CHS aside from those designed to impeach the CHS's credibility.  But, as stated above, it is well established that a party cannot call a witness (including an informant) solely for that purpose.  Given that all of the CHS's interactions with defendant were recorded, it is not at all apparent that there is any permissible purpose for defendant to call this witness, and the Court should require defendant to provide an offer of proof prior to calling the CHS so that the government can determine whether to move to preclude the witness and the Court can make an informed decision.

## II.    Defense Counsel Should Not be Permitted to Ask Leading Questions on Direct Examination

If the Court permits defendant to call the CHS as a witness after a valid offer of proof, there is no basis in the record to permit defendant to confront the CHS with leading questions.  Federal Rule of Evidence 611(c) states: "Leading questions should not be used on direct examination except as necessary to develop the witness's testimony."  Rule 611 vests the trial judge with the general authority to exercise "reasonable control over the mode and order of interrogating witnesses and presenting evidence."  Fed. R. Evid. 611(a).  See Miller v. Fairchild Industries, 885 F.2d 498, 514 (9th Cir. 1989) (holding that Rule 611(c) vests broad discretion in the trial judge).

There is no evidence in the record that, if called to testify by the defense, the CHS would be hostile or uncooperative during questioning.  To the contrary, on August 6, 2021, the government represented to the Court that the CHS has been instructed to answer questions asked by defense counsel fully and truthfully.  Therefore, there is no basis to expect that leading questions will be "necessary to develop the witness's testimony."  Fed. R. Evid. 611(c).  Accordingly, defendant should be required to ask the CHS non-leading questions during his own direct examination of the CHS and to permit the CHS to give full and complete answers to any questions.  Allowing defense counsel to ask leading questions would not only be unnecessary and contrary to Rule 611(c), but it would allow defense counsel effectively to testify himself while limiting the CHS to answer "yes" or "no."  Should the CHS become uncooperative or

hostile, defendant can ask leave of the court that the CHS be deemed a hostile witness under Rule 611(c).  At this time, however, there is no basis on the record before the Court to presume the CHS will be hostile or uncooperative such that leading questions would be warranted under the Rules of Evidence.