CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
DAVID I. WASSERMAN (Bar, No. 275987)
(E-Mail: David_Wasserman@fd.org)
LISA SHINAR LABARRE (Bar No. 246429)
(E-Mail: Lisa_Labarre@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MARK DOMINGO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-313-SVW |
| Plaintiff, | **MR. DOMINGO'S BRIEF RE: TESTIMONY OF THE CHS** |
| v. | |
| MARK DOMINGO, | |
| Defendant. | |

Defendant Mark Domingo, by and through his attorneys of record, David I. Wasserman and Lisa Shinar LaBarre, hereby files this brief in response to the government's arguments about Mr. Domingo's right to call the CHS in his case-in-chief. *See* Dkt. 271.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 8, 2021  By  */s/ David I. Wasserman*
DAVID I. WASSERMAN
LISA SHINAR LABARRE
Deputy Federal Public Defenders

1

## I. INTRODUCTION

The government contends in its Trial Brief (Dkt. 271) that Mr. Domingo should not be permitted to call the CHS at all and, if permitted, should not be allowed to ask leading questions. Both contentions are without merit and should be rejected. The CHS is a percipient witness to the charged offenses and an adverse witness per the Rules of Evidence. As such, his appearance and examination by leading questions is proper and should be permitted.

## II. ARGUMENT

**A. Because the Sixth Amendment requires that Mr. Domingo be permitted to confront his accuser, the Court must allow Mr. Domingo to examine the CHS.**

In its examination of FBI Special Agent Michael Gee, the government put at issue, *inter alia*, the instructions given to the CHS vis-à-vis his interactions with Mr. Domingo. By admitting the aforementioned evidence, the government has put the conduct of the CHS and his credibility at issue in this case. Just because the case agent has testified as to what instructions the CHS received vis-à-vis the investigation does not mean the defense should be precluded from asking these questions of the person who received the instructions. In fact, it matters *more* what the CHS understood the instructions to mean than what the instructions actually were since it is the nature of the CHS's conduct (i.e., inducement) that is at issue, not just that of the FBI and the government in general.

Moreover, the Ninth Circuit has held repeatedly that information regarding monetary payments and other benefits is an appropriate subject for investigation into an informant's bias and motivations. *See, e.g., United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (holding that the government's failure to disclose evidence of informant payments undermined confidence in the outcome of trial); *United States v. Cutler*, 806 F.2d 933, 935 (9th Cir. 1986) (upholding the disclosure of informant payments to the defense); *Benn v. Lambert*, 283 F.3d 1040, 1057 (9th Cir. 2002); *Singh v. Prunty*, 142 F.3d 1157, 1162 (9th Cir. 1998). The CHS made over $500,000 from law enforcement from

2013 to the present, and the charged offenses occurred within this time period: March 2019 through late April 2019.  Evidence that the CHS received over $500,000 in monetary benefits from his work as a CHS is relevant to demonstrate "the nature of the government's inducement or persuasion," such as the CHS's motive and persistence in inducing Mr. Domingo to use an improvised explosive device.  As the nature of the CHS's inducement is an element of Mr. Domingo's entrapment defense, evidence regarding payments received by the CHS is proper for cross-examination.

        Furthermore, the government's argument lacks credibility given the evidence *it* has already presented at trial.  The government's argument is that because the audio and video recordings have been played, then the CHS's testimony is unnecessary.  But the government called the OCE and intends on calling the UCE - even though evidence of their conduct is captured by audio, video, and/or text message.  Had the government been so concerned about calling undercover witnesses, it could have presented these items through the case agent.  Instead, the government decided to call its undercover employees in order to further its trial narrative.  The defense should be given the same deference.

        Finally, the CHS is a percipient witness to the charged conduct.  In fact, he is the central figure in the government's sting operation.  As the Court noted in its tentative ruling denying the government's motion to exclude Mr. Domingo's entrapment defense:

> During the course of the government's contact with Defendant through the CHS, they spent a substantial period of time together. They shared meals, discussed Islamic faith and current affairs, prayed together, and discussed Defendant's relationship and family problems in detail. All of this conduct occurred before the Defendant took any substantial step towards the charged conduct in this case. . . . *[I]t is readily apparent from the evidence before the Court that the CHS sought to become a friend to Defendant, gained his trust and respect, and ultimately urged him to follow through with his plan to bomb the Long Beach rally.* A jury could draw an inference from this pattern of conduct that the CHS' actions during this time period encouraged and persuaded Defendant to take the substantial steps toward the planned bombing that resulted in his arrest, and find that they would not have occurred absent his encouragement and persuasion.

Dkt. 141 at pp. 4-5 (emphasis added).  Calling the CHS and examining him about his

conduct is critical to Mr. Domingo's defense of entrapment. Because the Sixth Amendment grants a criminal defendant the right "to be confronted with the witnesses against him," the Court should allow Mr. Domingo to examine the CHS. *See* U.S. CONST. AMEND. VI.

**B.    Because the CHS served as a member of the prosecution team, he is an adverse witness and the defense is permitted to examine him by way of leading questions under Fed. R. Evid. 611(c)(2).**

Rule 611(c)(2) provides that, "[o]rdinarily, the court should allow leading questions . . . when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Although permitting leading questions of *neutral* witnesses runs the risk that "the evidence elicited would . . . often be that of the lawyer, not of the witness," the same "risk is not present when the defense is permitted to ask leading questions of a Government agent or of another witness closely identified with the interests of the government (*e.g.*, the complaining witness)." *United States v. Bryant*, 461 F.2d 912, 918-19 (6th Cir. 1972). The Ninth Circuit has therefore criticized a district court which refused to permit a defendant to use leading questions of a government investigator as an adverse party. *United States v. Tsui*, 646 F.2d 365, 368 (9th Cir. 1981) (assuming error but finding it harmless). Here, the CHS spent the most time with Mr. Domingo of any member of the prosecution's undercover operation. Further, the government introduced the CHS's purported motives and instructions vis-à-vis his interactions with Mr. Domingo through FBI Special Agent Michael Gee. Because the CHS is, at the very least "a witness identified with an adverse party" - if not an adverse party himself - the defense should be permitted to lead during his examination. Fed. R. Evid. 611(c).

//
//
//
//

4

### III.  CONCLUSION

Based on the foregoing, the defense should be permitted to call the CHS in its case-in-chief and engage him with leading questions.

```
                                    CUAUHTEMOC ORTEGA
                                    Federal Public Defender


DATED:  August 8, 2021          By  /s/ David I. Wasserman
                                    DAVID I. WASSERMAN
                                    LISA SHINAR LABARRE
                                    Deputy Federal Public Defenders
```