UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

**FILED**
CLERK, U.S. DISTRICT COURT

August 12, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES OF AMERICA

vs.

MARK STEVEN DOMINGO

Defendant.

CASE NO.  2:19-cr-313-SVW-1

**JURY INSTRUCTIONS**

## <u>Court's Instruction No. 1 [Duties of Jury to Find Facts and Follow Law]</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be

1

expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## Court's Instruction No. 2

### [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof]

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

## Court's Instruction No. 3 [Reasonable Doubt—Defined]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.

It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## Court's Instruction No. 4 [What Is Evidence]

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## Court's Instruction No. 5 [What Is Not Evidence]

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Court's Instruction No. 6 [Direct and Circumstantial Evidence]

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## **Court's Instruction No. 7 [Defendant's Decision to Testify]**

A defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## Court's Instruction No. 8 [Credibility of Witnesses]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide

9

that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Court's Instruction No. 9 [Activities Not Charged]

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## Court's Instruction No. 10

### [Separate Consideration of Multiple Counts]

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**<u>Court's Instruction No. 11 [Stipulated Facts]</u>**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

## **Court's Instruction No. 12 [Transcript of Recording in Foreign Language]**

You have heard a recording or watched a video in the Arabic language. Each of you has been given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the Arabic language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

14

## **Court's Instruction No. 13 ["On or About" Defined]**

The indictment charges that some of the offenses alleged were committed "on or about" or "in or around" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the specified offense was committed on a date reasonably near the date alleged in the specified count, it is not necessary for the government to prove that the specified offense was committed precisely on the date charged.

## Court's Instruction No. 14 [Statements by Defendant]

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**Court's Instruction No. 15**
**[Testimony of Witnesses Involving Benefits]**

You have heard testimony from Akeem Abas, a witness who received compensation from the government in connection with this case.

For this reason, in evaluating the testimony of Akeem Abas, you should consider the extent to which or whether his testimony may have been influenced by this factor. In addition, you should examine the testimony of Akeem Abas with greater caution than that of other witnesses.

## Court's Instruction No. 16
### [Government's Use of Undercover Agents]

You have heard testimony from an undercover agent who was involved in the government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

## Court's Instruction No. 17
### [Providing Material Support to Terrorism]

The defendant is charged in Count One of the indictment with providing material support and resources in the form of tangible property and personnel, namely himself, intending that such material support and resources be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 2332a(a)(2), Use of a Weapon of Mass Destruction. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant provided material support or resources.

Second, the defendant did so knowing or intending that the material support or resources were to be used to prepare for, or to carry out, a violation of Title 18, United States Code, Section 2332a(a)(2), which prohibits using a weapon of mass destruction.

Third, the defendant was not entrapped.

The term "material support or resources" means any service, property (tangible or intangible), currency, or personnel (one or more individuals who may be or include oneself).

19

## Court's Instruction No. 18
### ["Knowingly" Defined]

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## Court's Instruction No. 19
## [Attempted Use of Weapons of Mass Destruction Against
## Person or Property in the United States, 18 U.S.C. § 2332a(a)(2)]

The defendant is charged in Count Two of the indictment with attempted use of a weapon of mass destruction against a person or property within the United States. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly attempted to use a weapon of mass destruction.

Second, the defendant knowingly did so against a person or property within the United States.

Third, the mail or any facility of interstate or foreign commerce was used in furtherance of the offense, or such property was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce, or the offense would have affected interstate or foreign commerce.

Fourth, the defendant was not entrapped.

The term "weapon of mass destruction" includes any destructive device. A destructive devices includes any explosive or incendiary bomb or grenade.

The term "interstate commerce" includes any movement or transportation of persons, goods, wares, merchandise, securities or money from one state into

21

another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "facility of interstate commerce" includes means of transportation and communication.

## Court's Instruction No. 20 [Attempt]

I have just explained to you the elements of the charge of use of a weapon of mass destruction. The defendant is charged in Count Two of the indictment with attempting to use a weapon of mass destruction. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to use a weapon of mass destruction against any person or property within the United States, and the mail or any facility of interstate or foreign commerce was used to further the offense, or the property which the weapon of mass destruction was attempted to be used against was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce, or the offense would have affected interstate or foreign commerce.

Second, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

### Court's Instruction No. 21 [Entrapment]

The defendant contends that he was entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

1.  the defendant was predisposed to commit the crime before being contacted by government agents, or

2.  the defendant was not induced by the government agents to commit the crime.

### Inducement

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.

### Predisposition

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant

was predisposed to commit the crime before being approached by government

agents, you may consider the following:

1.   whether the defendant demonstrated reluctance to commit the offense;

2.   the defendant's character and reputation;

3.   whether government agents initially suggested the criminal activity;

4.   whether the defendant engaged in the criminal activity for profit; and

5.   the nature of the government's inducement or persuasion.

## Court's Instruction No. 22 [Duty to Deliberate]

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public

opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

28

## <u>Court's Instruction No. 23 [Consideration of Evidence – Conduct of Jury]</u>

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror

who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## Court's Instruction No. 24 [Use of Notes]

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## **Court's Instruction No. 25 [Consideration of Punishment]**

The punishment provided by law for this crime is for the court to decide.

You may not consider punishment in deciding whether the government has proved

its case against the defendant beyond a reasonable doubt.

## **Court's Instruction No. 26 [Verdict Form]**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## Court's Instruction No. 27 [Communication With Court]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.