TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
DAVID T. RYAN (Cal Bar No. 295785)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/4491
     Facsimile: (213) 894-2979
     E-mail:    reema.el-amamy@usdoj.gov
                david.ryan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>MARK STEVEN DOMINGO,<br><br>      Defendant. | No. CR 19-313-SVW<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING POSITION<br><br>Sentencing Date: November 1, 2021<br>Sentencing Time: 11:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and David T. Ryan, hereby files its response to defendant Mark Steven Domingo's supplemental sentencing position.

    This response is based upon the attached memorandum of points and authorities, the United States Probation and Pretrial Services Office's Presentence Investigation Report and Recommendation Letter,

the files and records in this case, and such further argument or evidence as the Court may permit.

Dated: October 28, 2021          Respectfully submitted,

                                          TRACY L. WILKISON
                                        Acting United States Attorney

                                        CHRISTOPHER D. GRIGG
                                        Assistant United States Attorney
                                        Chief, National Security Division

                                               /s/
                                        REEMA M. EL-AMAMY
                                        DAVID T. RYAN
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Defendant Was Predisposed to Commit Murder, Not Attempted Murder**

Defendant's sentencing entrapment argument must fail because, among other reasons, he was predisposed to commit an equally serious crime to the crimes of conviction.  "Sentencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more severe punishment."  United States v. Mejia, 559 F.3d 1113, 1118 (9th Cir. 2009).  Here, defendant was predisposed to commit mass murder.  As defendant admitted on the stand, he "wanted to commit mass murder," and he would have committed murder if the CHS had not "talked [him] off the ledge."  (Dkt. 306 at 7.)  Murder, let alone mass murder, is not a "lesser crime" than attempted use of a weapon of mass destruction.

Defendant's argument that the Court should compare the crimes of conviction against attempted murder, rather than actual murder, is without merit.  The question is what crime defendant was predisposed to commit, and whether that was a "lesser crime."  Here, defendant was not predisposed to commit attempted murder.  He was predisposed to commit murder.  As he admitted under oath, he would have committed murder had the government not stopped him.  Thus, the government's involvement did not subject him to more severe punishment than he would have faced had he committed the crime he admitted he was predisposed to commit.  If anything, the government's involvement subjected him to less severe punishment because the government stopped him from committing murder, thereby capping his maximum possible punishment at life imprisonment, rather than the death penalty.  See 18 U.S.C. § 3591.

**II.   Defendant Did Not Accept Responsibility**

Defendant's argument that he should receive a downward adjustment under the Guidelines for acceptance of responsibility also lacks merit.  It is correct that asserting an entrapment defense at trial does not on its own preclude the adjustment.  But defendant did not assert only an entrapment defense.  He also argued at trial that he did not commit the crime of attempted use of a weapon of mass destruction because he did not take the required "substantial step." (Dkt. 280 (Jury Instructions) at 23.)  In his closing argument, defense counsel argued that defendant was "all talk, no action," and was not guilty because he might not have carried out the planned bombing if, for example, his ex-girlfriend had called him, or if the rally was smaller than he expected.  Indeed, defendant even filed a Motion for a Judgment of Acquittal after trial under Federal Rule of Criminal Procedure 29 on the ground that the evidence did not prove that he took the required "substantial step."  (Dkt. 279.)  Because defendant vigorously argued that he did not commit the charged offense, he cannot now claim that he accepted responsibility for it. For this reason alone, defendant is precluded from receiving a reduction for acceptance of responsibility.

Furthermore, even a defendant "whose only defense is entrapment is not automatically entitled to an acceptance of responsibility adjustment." United States v. Ing, 70 F.3d 553, 556 (9th Cir. 1995). Instead, "the sentencing judge must look at all the evidence bearing on the defendant's contrition." Id.  Here, defendant at trial showed no contrition.  Instead, he testified in chilling fashion about his desire to commit mass murder.  And both at trial and in recorded jail calls, defendant continuously expressed his hatred of people and of

2

the United States, and continually sought to minimize his own role in the offense and blame others for his conduct. (Dkt. 205-1 (Excerpts of Recorded Jail Calls)). See United States v. Scrivener, 189 F.3d 944, 948 (9th Cir. 1999) (holding that "a defendant's attempt to minimize his own involvement in the offense" is inconsistent with acceptance of responsibility); United States v. Burrows, 36 F.3d 875, 883 (9th Cir. 1994) (holding that defendant who continually "placed responsibility on others and accepted none himself" was not entitled to acceptance of responsibility reduction, notwithstanding that he "wrote a letter to the court in which he expressed some remorse for his actions").

Finally, the fact that defendant admitted on the stand that he took certain actions that had already been captured on recordings and played for the jury does not indicate acceptance of responsibility. The Ninth Circuit rejected a similar argument in United States v. Molina, 934 F.2d 1440, 1450 (9th Cir. 1991). There, the defendant was charged with possession with intent to distribute cocaine, asserted an entrapment defense, and testified at trial. During his testimony, the defendant did not "contest the fact that he actually possessed cocaine with the intention to distribute it," but he "repeatedly contradicted the testimony of the various government witnesses," and "on almost every key incident concerning both his predisposition to engage in drug trafficking and the government's alleged inducement in getting him to cooperate, the [defendant] provided a story very different from the one the government offered." Id. at 1450-51. Similarly here, defendant contradicted the testimony of government witnesses regarding, among other things, his history of threatening and improper conduct while in the military, and his

knowledge of and interest in improvised explosive devices. Accordingly, defendant should not receive a reduction for acceptance of responsibility.[1]

---

[1] The government also agrees with the Probation Office that the record does not show that defendant suffered from a mental or emotional condition that was present to an unusual degree, particularly when compared to others who attempt mass-casualty terrorist attacks, to distinguish the case from the typical cases covered by the guidelines and warrant a departure under U.S.S.G. § 5H1.3.  (Dkt. 305 at 2.)  As the Probation Office recognized, it "does not seem unusual that a person who attempted to commit murder by engaging in terrorism was alienated and angry."  (Id.)

4